## T. P. SPARKS v. S. A. PACE.

(Case No. 1398.)

1. LEVY — MORTGAGE. — The execution of a mortgage on chattel property cannot affect the right of a creditor of the mortgagor to levy upon it and sell his interest under execution; the purchaser would buy subject to the mortgage lien, having notice thereof. If after purchase the rights of the lien holder are jeopardized, he may sequester the property in a suit against the mortgagor, and make the purchaser under execution a party.
2. TRIAL OF RIGHT OF PROPERTY — SAME. — The mortgagee, under such circumstances, cannot maintain the statutory action against the purchaser at execution sale to try the right of property, he not being in possession, nor entitled to possession. If, in mistaking his remedy, the mortgagee brings his action for trial of right of property, and sells under judgment the property mortgaged under a separate proceeding against the mortgagee, he cannot enjoin the judgment rendered against him in the suit to try the right of property by showing that fact. He must return the property or pay the judgment.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

On the 22d of May, 1879, the appellee, S. A. Pace, recovered a judgment in the justice's court against P. M. Holbrook for $78.77, and execution thereon issued on the 4th of September, 1879, and had a levy made on two bales of cotton as the property of Holbrook, on the 25th of September, 1879. On the 3d of October, 1879, T. P. Sparks, one of the appellants, filed his oath and claim bond with the officer making the levy — the other appellants being sureties on his claim bond,— and the cotton was delivered to T. P. Sparks. On the 27th of October, 1879, a trial was had in the justice's court between T. P. Sparks, claimant, and S. A. Pace, defendant, and from the judgment rendered S. A. Pace appealed to the district court (the county court of Navarro county having no civil jurisdiction). A final trial was had on appeal on the 14th of September, 1880, which resulted in a judgment in favor of S. A. Pace, the court holding that the cotton was subject to the levy under the execution in favor of Pace against Holbrook, and judgment rendered against T. P. Sparks and sureties on his claim bond for amount of execution and ten per cent. on the same against the sureties, the judgment concluding as follows: "But any right the claimant may have in the cotton by reason of a mortgage or lien thereon is not to be affected by this judgment."

Prior to the levy made on the cotton by S. A. Pace, Holbrook, being indebted to Sparks on a promissory note for $279.68, dated

January 1, 1879, gave Sparks a mortgage on his cotton, which was dated on the 7th of April, 1879, and duly recorded.

Subsequent to the levy made by Pace on the cotton, and pending his appeal in the district court, on the 15th of December, 1879, Sparks sued Holbrook on his note, recovered judgment and foreclosed his mortgage on the cotton. Order of sale was issued, the cotton taken into possession by the sheriff, sold, and proceeds applied on the judgment in favor of Sparks against Holbrook (but were not sufficient to satisfy the judgment), and the order of sale returned to the court issuing the same.

On the 23d of October, 1880, S. A. Pace had execution issued on the judgment rendered in the district court against T. P. Sparks, and M. Drane and J. M. Rainwater, sureties on Sparks' claim bond, and placed in the hands of the sheriff, who was proceeding to make a levy, when the defendants in execution sued out an injunction, except as to the costs of suit. Plaintiffs set up all the facts as stated, charging Pace with notice of Sparks' lien on the cotton at the time the levy of his execution against Holbrook was made.

On the 11th of January, 1881, the defendant Pace filed his pleadings, consisting of —

1. General demurrer.

2. Special demurrer.

3. General and special answer.

On the 12th of January, 1881, the demurrer of defendant was heard and sustained by the court, and plaintiffs' petition dismissed, from which judgment of the court plaintiffs appealed.

*Frost & Barry*, for appellants, cited: Jones on Mort., 460; Dehler *v.* Held, 50 Ill., 491; Canfield *v.* McLoughlin, 10 Martin, 48.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— The right of Pace to subject the cotton to sale under his execution cannot be questioned, even though Sparks held a prior valid mortgage upon it. · R. S., 2296.

A sale under his execution would not have divested any right which Sparks had under his mortgage, for a purchaser would have bought subject to the prior lien, if valid.

If, after sale under Pace's execution, the purchaser thereat had attempted, by removing the cotton from the county or otherwise, to impair or defeat his right, Sparks might have brought suit against Holbrook on his claim, whether due or not, and to that suit might

have made the purchaser under Pace's execution a party, and have sequestrated the property. R. S., 4489, 4493. Such proceeding would fully have protected any interest which he had; but instead of pursuing it he instituted a proceeding under the statute to try the right of property. To this he was not entitled, under the repeated rulings of this court, he not being in possession, nor entitled to the possession, of the property.

By this proceeding he prevented Pace from exercising his right to have the cotton sold, and impeded him in his remedy for about one year, and upon the trial of the cause the judgment which the statute provides was rendered against him, and he sought in this suit to enjoin the enforcement of that judgment against himself and sureties, upon the ground that pending that suit he had obtained a judgment against Holbrook, and had sold in part satisfaction of his debt, secured by mortgage, the cotton, of which he received the possession in the suit to try his right to the property.

Having resorted to a remedy to which he was not entitled, the proper judgment under the statute was rendered against him, and this he could discharge only by complying with his bond; this he did not do, by returning the property to the officer from whom he received it, as provided by the statute, and it only remained for him to pay the judgment, which could not be discharged by anything done under a judgment rendered in a cause to which Pace was in no manner a party. The rights of Sparks, under his mortgage, which could not be affected by the trial of right of property, could only be protected by complying with the judgment. If he had rendered it impossible for him to do that, this is not the fault of the appellee. That the cotton, when sold under the judgment in favor of Sparks against Holbrook, did not sell for enough to satisfy that judgment, was unimportant.

Having instituted a proceeding under the statute which he was not entitled to maintain, it followed that he properly had imposed upon him the penalty which the statute prescribed, from which he was not in law or equity entitled to any relief, and the court below very properly dissolved the injunction and dismissed his bill. The judgment is therefore affirmed.

Affirmed.

[Opinion delivered November 6, 1883.]