GARRITY & HUEY v. THOMPSON & OHMSTEDE.

(Case No. 1915.)

1. EXECUTION — CLAIMANT — DEED OF TRUST.— A debtor executed to his creditor a deed of trust on a stock of goods, which was duly recorded. The deed of trust authorized the trustee to sell the property at public sale, in default of payment of the debt at maturity, and provided that the debtor should remain in possession and sell from the stock in the regular course of his retail business; but in doing so he was to act as the agent of his creditor, and was to account to him for the proceeds until the debt was paid. An execution was afterwards levied on the goods. *Held:*

(1) That it is settled law that a mortgagee out of possession cannot assert claim to property levied on by attachment or execution in the manner prescribed by statute. Following Wright v. Henderson, 12 Tex., 43.

(2) That if a defendant has no interest in the property subject to execution, it may be levied on and sold, notwithstanding a third party may hold a lien with which it may be incumbered in the hands of a purchaser at the sheriff's sale.

(3) That a claimant, by his affidavit and bond, asserts an absolute title to the property, and is estopped from attempting to hold it under a mere lien.

(4) That in this case the creditor proved no more than a lien by virtue of a deed of trust which showed on its face that he had neither title nor possession. The creditor could not have taken possession of the goods under any circumstances; even on a failure to pay the debt secured, he had no right to the possession.

(5) That it was unnecessary to pass upon the validity of the deed of trust, or to determine whether a lien was created by it upon the particular property claimed, for, admitting the lien, it sustained no claim to the property.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

The opinion states the case.

*Frost, Barry & Lee,* for appellants.

*Croft & Blanding,* for appellees, cited: Allen *v.* Russell, 19 Tex., 87; Wright *v.* Henderson, 12 Tex., 45; Gillian *v.* Henderson, 12 Tex., 47; Wootton *v.* Wheeler, 22 Tex., 338; Belt *v.* Raguet, 27 Tex., 471; Erwin *v.* Blanks, T. L. Rev., Jan. 29, 1884, p. 59, and cases cited.

WILLIE, CHIEF JUSTICE.— The appellees sued out an execution upon a judgment obtained against J. G. Campbell, and had it levied upon a stock of goods in the possession of Campbell, and with which he was carrying on the business of a druggist. The levy also included five show-cases, four steel fountains and one drug mill, used in the above business of the defendant in execution. Appellants filed a bond and affidavit of claim for the purpose of trying the right of property in the show-cases, fountains and mill, but laid no claim to any of the other articles included in the levy. The basis of their claim was a deed of trust executed to them by Campbell, previous to the levy, and duly registered under the chattel mortgage law.

This deed conveyed the said goods as well as the articles to which the claim was made to Bryan T. Burry, in trust for the payment of a debt held by Garrity & Huey against Campbell, and authorized him to sell the property at public sale in default of payment of the debt at maturity, and to apply the proceeds in satisfaction of the same. It contained a further provision to the effect that Campbell should remain in possession and from time to time sell from the stock and carry on said retail business in the regular course of trade; but that in making any such sales and carrying on said business, he should do so only as the agent of Garrity & Huey until the note secured by the deed of trust should be fully paid. It also provided for a weekly accounting and payment to Garrity & Huey of the moneys received from sale of the goods till their debt should be paid.

The cause having been submitted to the judge below, he rendered judgment for the plaintiffs in execution, and the claimants appealed to this court.

The point is made here by the appellees that the interest of Garrity & Huey in the property levied on, if they have any, is not such as can be asserted by a claim under the statute regulating trials of the right of property.

It has been so frequently decided by this court as to have become settled law, that a mortgagee out of possession cannot assert his claim to property levied on by attachment or execution, in the man-

ner prescribed by that statute. Erwin *v*. Blanks, 60 Tex., 583; Wright *v*. Henderson, 12 Tex., 43; Wootton *v*. Wheeler, 22 Tex., 338; Belt *v*. Raguet, 27 Tex., 471; Adoue *v*. Seeligson, 54 Tex., 593.

The principle is that, if the defendant has an interest in the property subject to execution, it may be levied on and sold, notwithstanding a third party may hold a lien with which it will be incumbered in the hands of a purchaser at the sheriff's sale.

Moreover, the claimant by his affidavit and bond asserts an absolute title to the property, and "is estopped from attempting to hold it under a mere lien, for the law will not permit parties to claim and get possession of property on one ground, and then retain it upon another and different one, but they must stand upon the ground which they first elected." Adoue *v*. Seeligson, *supra;* citing Lucketts *v*. Townsend, 3 Tex., 119; Watts *v*. Johnson, 4 Tex., 311.

Here the appellants claimed the property levied on, but proved no more than a lien upon it by virtue of a deed of trust. That deed showed upon its very face that neither title nor possession passed under it to Garrity & Huey. If their debt against Campbell should be duly paid, the deed was to have no effect. If it should not be paid, they were still to have no title to the property, but it was to be sold at public sale by the trustee and the proceeds applied in satisfaction of the debt. Campbell was to keep possession of the property, and carry on his drug business with it as usual; but in making sales and carrying on the business, he was to act as agent for Garrity & Huey. His possession was therefore not disturbed in the least by the deed of trust. Garrity & Huey could not have taken possession of the goods for themselves under any circumstances as against the right of possession retained by Campbell in the deed of trust. The only penalty prescribed for a failure to pay over the money received upon sales of the goods was an immediate foreclosure of the lien created by the deed, and not a transfer of the possession to the appellants. So that the condition of Garrity & Huey was that of lien holders without possession; and as we have seen, they could not test their right in this form of action, or interfere with a sale of Campbell's interest under execution.

In this view of the case it is unnecessary for us to pass upon the validity of the deed of trust, or to determine whether a lien was created by it upon the particular property claimed by the appellants, for, admitting the lien, a claim to the property could not be sustained in favor of the appellants.

The judgment of the court below was correct upon the grounds

we have stated, and although rendered in favor of the appellees for reasons other than those we have assigned, must be affirmed; and it is accordingly so ordered.

AFFIRMED.

[Opinion delivered November 10, 1885.]