### C. Casentini et al. v. Ullman, Lewis & Co. et al.

Decided November 23, 1899.

**1. Trial of Right of Property—Action Not Maintainable.**

One who bought the goods in controversy from the execution defendant after they were levied on, having no right in them at the time of the levy, can not assert his claim by the statutory action of trial of right of property.

**2. Same—Practice in Trial Court.**

Where, in the statutory trial of right of property, it appeared that the defendant claimant was not entitled to assert his claim in that character of proceeding, there was no error in excluding evidence offered by him in support of his claim and entering judgment for plaintiff as though a demurrer had been sustained to the issues tendered and defendant had declined to amend.

**3. Same—Practice on Appeal.**

Where, on appeal in a case of statutory trial of right of property levied on by virtue of several executions, the judgment is properly in favor of plaintiffs, but wrong and excessive in the several amounts, and there is nothing in the record by which the proper amounts can be determined, the cause will be remanded.

Error from the County Court of Galveston. Tried below before Hon. Morgan M. Mann.

*John C. Walker,* for plaintiffs in error.

*Johnson & Johnson* and *John Neethe,* for defendants in error.

GARRETT, Chief Justice.—This was an action of trial of the right of property in merchandise levied on by virtue of executions in favor of the appellees against S. Pellinacci and F. Pieri as the property of Pieri. The appellant Cassentini claimed the goods by making oath and giving bond as required by statute. It appeared that his title to the goods was a sale thereof made to him by Pieri after they had been levied on, and the court excluded all evidence offered by the claimant to show the invalidity of the judgments and writs under which the goods had been

seized, and all other evidence tending to show title in the claimant except the bill of sale therefor from Pieri to him, and his testimony that he had purchased the goods after they had been levied on and certain immaterial facts as to the execution and delivery of the bill of sale.

At the time of the levy, Pieri, the defendant in execution, owned the goods and had possession thereof. Cassentini, the claimant, had no interest therein, nor was he entitled to the possession thereof. In order to entitle him to assert a claim to the property under the statute providing for trial of right of property he must have had at the time of the levy a claim to the ownership of the property, or the right of possession. Willis v. Thompson, 85 Texas, 301. While the precise point has never been decided that we are aware of, yet the language of the judges in the above, and a number of other decisions that might be cited, plainly show that the Supreme Court of this State has always understood that the statutory remedy of trial of the right of property was provided only as a speedy remedy for one whose personal property, claimed by him at the time of the levy, has been seized under a writ. It is not a reasonable construction of the statute that resort to it may be had to defeat the sale of the property of a defendant in execution by transfer thereof by him to a third person. There might be a case, however, for invoking the equitable power of the court. Having bought the goods in controversy after they had been levied upon, Cassentini could not maintain an action of trial of the right of property. If the fact of his purchase subsequent to the levy had appeared from the defendant's tender of issues, a demurrer thereto might have been sustained. We are of opinion that, as the defendant was not entitled to maintain the action, there was no error in excluding the evidence offered by him, and that the plaintiffs were entitled to have judgment entered in their favor as though a demurrer had been sustained to the issues tendered and the defendant had declined to amend. Dixon v. Zadek, 59 Texas, 529.

The Revised Statutes provide that the judgment against the claimant, when he fails to establish his title, shall be rendered in favor of the several plaintiffs for the value of the property with legal interest and 10 per cent damages thereon, if the valuation does not exceed the amount of the claim, and in case it does, then upon that amount, and shall fix the amount of each plaintiff's claim. Arts. 5307, 5304, 5305. The judgment of the court below fixes the valuation of the property and adjudges the amount of the claims, but the amount of the recovery is erroneously estimated and is excessive. It is also contended by the appellant that there is no evidence in the record by which the amounts of the claims in favor of the plaintiffs can be fixed. There does not appear in the statement of facts any proof of the value of the goods, but the valuation thereof made by the sheriff who levied the writs appears indorsed on the bond. There is nothing in the record whatever to support the finding as to the amounts of the several claims. They are neither stated nor admitted in either pleading or any paper connected with the case, and unless we

can sustain the unsupported recital of the judgment, when it has been attacked for want of evidence to support it, by the mere force of the recital and because no issue has been made thereon, the judgment must be reversed. The plaintiffs themselves failed to put the writs in evidence and objected to and had them excluded when they were offered by the defendant. The writs would have been sufficient to furnish evidence of the amounts of the claims. Because there was no evidence of the amount of the claims, the judgment of the court below will be reversed and the cause remanded.

Other assignments of error need not be passed on, as they are rendered immaterial by the view we have taken of the defendant's right to maintain the action.

*Reversed and remanded.*