MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
MRS. ELLA B. SMITH ET AL.

Decided January 5, 1911.

**1.—Charge—Assuming Facts.**

A direction to the jury that if they found that defendant, "in running the train at too great speed, or in providing an insufficient number of men to keep the track * * * in good condition, failed to exercise ordinary care," and the injuries causing death resulted from such failure, not submitting otherwise the controverted questions whether the train was run too fast, or insufficient force provided, is erroneous as assuming the existence of the facts in issue.

**2.—Negligence—Falling of Coal from Tender—Proximate Cause.**

A railway would be liable to its section foreman, injured by being struck with coal falling from a passing engine if such accident was due to the negligence in improperly loading the coal on the tender, or negligent operation of the locomotive. But negligence in failing to furnish sufficient section hands to keep the track in proper order, would be too remote a cause to be considered as a basis of liability for such injury.

**3.—Damages—Proximate Cause—Injury Combined with Disease—Charge.**

Negligent injury which causes death through aggravating a pre-existing tendency to disease is actionable as being the proximate cause. But a contention of defendant that the person received no injury, or died solely from disease arising from other causes, should be clearly and affirmatively presented.

**4.—Same.**

A requested charge relieving defendant from liability for death from negligent injury if the "death was due in some manner to the effects" of disease from other causes, was properly refused.

Appeal from the District Court of Hunt County. Tried below before the Hon. R. L. Porter.

*B. M. McMahan, L. L. Wood* and *John T. Craddock,* for appellant.— The charge is erroneous, misleading, confusing and upon the weight of the evidence in that it does not submit to the jury the issue of fact as to the speed of the train, nor whether the speed thereof was unusual and was too great and hazardous in view of the condition of the track, as alleged in the petition, but it assumes that the train was in fact running at too great a rate of speed at the time and place of the accident, and that the defendant was negligent with respect to the speed thereof. Rev. Stats., art. 1317; Johnson v. Railway Co., 2 Texas Civ. App., 141; Railway Co. v. Harvey, 27 S. W., 423; Railway Co. v. Sparks, 35 S. W., 745; Railway Co. v. Smith, 63 S. W., 1064; Railway Co. v. Smith, 82 S. W., 787; Railway Co. v. Sibley, 68 S. W., 516; Railway Co. v. Burns, 41 Texas Civ. App., 83; Railway Co. v. Bell, 73 S. W., 56; Railway Co. v. Jackson, 41 Texas Civ. App., 51; Railway Co. v. Strickel, 94 S. W., 427.

The charge is erroneous, misleading, confusing and upon the weight of the evidence in that it does not submit to the jury the issue of fact as to whether the number of men provided by the defendant was insufficient to keep the track in "good" condition, but it assumes that the

defendant provided an insufficient number of men to keep the track in "good" condition, and that it was negligent with respect to the number of men so provided for said purpose.   Same authorities.

The charge was further erroneous in that it failed to submit to the jury whether or not the injuries to James Smith from the coal striking him were the "proximate" cause of his death, and it was upon the weight of the evidence in that it assumed that if Smith was injured such injuries were the proximate cause of his death.   Same authorities.

There being evidence showing and tending to show that the cause of the death of James Smith was a mastoid abscess, and that such abscess was not the natural and proximate result of the injury in his side sustained by him by being struck with the piece of coal, it was the right of the defendant to have the issue as to whether or not the mastoid abscess was the direct and proximate result of such injuries, and whether the same was the proximate cause of Smith's death submitted to the jury in an affirmative manner, and the special charge having so presented the issue, the court erred in refusing to give it. Railway Co. v. Lowe, 86 S. W., 1059; Railway Co. v. Rodgers, 91 Texas, 58; Dallas v. Jones, 93 Texas, 44; Railway Co. v. Cassedy, 92 Texas, 527.

The court erred in refusing to give to the jury the special charge No. 8, requested by the defendant: "If you believe from the evidence that James Smith had had the syphilis and that his death was due in some manner to the effects thereof, then you are charged that whatever may be your findings upon the issues of negligence or any of them as submitted to you in the general charge your verdict should be for the defendant."   Same authorities.

*Templeton, Crosby & Dinsmore* and *Gammon, Worsham & Pope,* for appellee.—The court's charge is not fairly susceptible of a construction which would indicate to the jury that in the opinion of the court some contested issue had been proven, or from which the opinion of the court on such issue could be inferred.   Railway Co. v. Pettis, 69 Texas, 689; G., C. & S. F. Ry. Co. v. Kluge, 17 S. W., 944; S. A. & A. P. Ry. Co. v. Vaughn, 5 Texas Civ. App., 195; T. B. & H. Ry. Co. v. Taylor, 79 Texas, 104; Railway Co. v. McLaur, 80 Texas, 96; H. & T. C. Ry. Co. v. Kelley, 13 Texas Civ. App., 1; I. & G. N. Ry. Co. v. Lincock, 81 Texas, 504; M. P. Ry. Co. v. Lehnberg, 75 Texas, 64; M., K. & T. Ry. Co. v. Gordon, 33 S. W., 864; Smith v. James, 54 S. W., 41, 22 Texas Civ. App., 154.

The court's charge should be considered as a whole, and in light of the pleadings and the evidence, and when so considered, that part objected to submitted every contested issue, fully and fairly, to the jury, to be determined by them, without any intimation on the part of the court of any opinion it entertained with reference thereto.   I. & G. N. Ry. Co. v. Irwin, 64 Texas, 531; McDonald v. I. & G. N. Ry. Co., 86 Texas, 9; East Line, etc., Ry. Co. v. Smith, 65 Texas, 170; Kaufman v. Babcock, 67 Texas, 243; Texas, etc., Ry. Co. v. Douglas, 73 Texas, 331; Moore v. Moore, 73 Texas, 387; Rost v. Missouri, etc., Ry.

Co., 76 Texas, 172; St. Louis, etc., Ry. Co. v. McLain, 80 Texas, 98; H. & T. C. Ry. Co. v. Kelley, 13 Texas Civ. App., 1; M. P. Ry. Co. v. Chambers, 17 Texas Civ. App., 487; Texas, etc., Ry. Co. v. Woodall, 2 Texas Civ. App., 416.

"Proximate cause" was correctly defined by the court, and the issue as to whether or not defendant's negligence was the "proximate cause" of James Smith's death was properly submitted to the jury. Eames v. T. & N. O. Ry. Co., 63 Texas, 660; Sickles v. M., K. & T. Ry. Co., 35 S. W., 493; G., C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. I. & G. N. Ry. Co., 90 Texas, 627; Bigham v. T. & P. Ry. Co., 90 Texas, 225.

LEVY, ASSOCIATE JUSTICE.—James Smith was a section foreman of appellant, and was with his crew at work on the railway track. Smith left his section men at work, and was going westward down the track for the purpose of inspecting the fence on the right of way, which had been reported to be out of order. He had gone but a short distance when an east-bound passenger train came along, and he got off the track to a distance of about twelve feet away from the track and stood there awaiting the passing of the train. It is the contention of appellees that while Smith was standing at this place he was hit in the side and back by a lump of coal weighing between ten and twelve pounds, falling from the tender of the passing locomotive. The injury thus received, it is claimed, caused his death. It is alleged that the falling of the lump of coal was through the negligence of appellant in the manner of loading the coal on the tender, and in the maintenance of the roadbed and track, and in operating the locomotive at too great a rate of speed.

*After Stating the Case.*—The court charged the jury, "If you believe from the evidence that the defendant in loading the coal on the tender or in maintaining its track at the place where such injury occurred, or in running the train at too great a speed, or in providing an insufficient number of men to keep the track in the section where such injury occurred, if it did occur, in good condition, failed to exercise ordinary care as that term is defined in this charge, and if you believe that such personal injuries to James Smith, if any, resulted in his death and from the failure of the defendant to exercise care in respect to its railway track and running its train and in loading its tender, as above stated, then and in that event you should find for the plaintiff; but if you do not so believe you will find for the defendant." Appellant contends for error that the charge is upon the weight of evidence. The charge assumes that the train was being run at too great a rate of speed, and that an insufficient number of section men were provided to properly maintain the track of that section. These were sharply controverted issues in the case and material grounds of negligence plead and relied on. We feel constrained to hold that it was a charge upon weight of evidence and in violation of the statute in such respect. Under repeated decisions it is held to be reversible error, under the

terms of the statute, for the court to charge at all on the weight of evidence. And besides it is further contended that it was error to submit as a ground for recovery the failure to furnish a sufficient number of section men to maintain the track of that section. It can be conceded, as claimed by appellees, that appellant owed the duty to its section men at work along the right of way to use the proper care to guard against coal falling from the tender of its moving locomotive and injuring any of them, and because of negligence, if shown, in that regard, and without fault of the injured section man, to be liable for such injury proximately resulting to him. And it is obvious that the falling of a lump of coal from the tender of a locomotive in operation could properly be attributable by the jury to improper loading in the tender or negligent operation of the locomotive over the track under the circumstances of the case, if such are shown to be the facts. But if the appellant did fail to provide a sufficient number of section men to work on the track of that section, it could not be said that the falling of the coal was due to such dereliction. Such dereliction was, it must be said in this case, clearly shown to be merely a remote incident, and not the proximate cause of the present injury. It is fundamental that there can be no recovery unless the particular negligence relied on was the proximate cause of the injury. It was prejudicial error to so charge on this ground.

In view of another, trial it is suggested that a clearer charge on the measure of damages be framed and submitted, and the court can fully and affirmatively present in the main charge the issue of the cause of the death of deceased. Appellees are entitled to have the jury say whether the efficient cause of the death was the injury in suit, or if Smith, after his injury, if any, became affected with some disease and that such disease was directly and proximately caused by or arose as the direct and proximate result of the injury received in being struck by the lump of coal, if so. And the appellant is entitled to have properly and affirmatively presented its contention in this respect, that deceased did not receive the injury in question, and died solely from disease arising from natural causes. The court properly, though, refused special charge No. 8 as appears in the brief. See 1 Thompson on Neg., sec. 151. It is there laid down that if the negligence of another produces a hurt which aggravates a pre-existing tendency to disease in the injured person the negligence, and not the disease, is deemed in law the proximate cause of the injury. The special charge relieved of liability if the "death was due in some manner to the effects" of the particular disease mentioned. We do not mean to be understood as saying or meaning that the appellant was not entitled to have the jury say in an affirmative charge whether the death was solely the natural and proximate result of the particular disease mentioned in the special charge. It may be pure theory, and the evidence slight, that he had this particular disease mentioned in the charge, but there was enough to require the jury to say.

The judgment was ordered reversed and the cause remanded for another trial.

*Reversed and remanded.*