WILKERSON et al. v. STASNY & HOLUB.
(No. 5578.)

(Court of Civil Appeals of Texas. Austin.
Jan. 19, 1916. Rehearing Denied
March 1, 1916.)

1. APPEAL AND ERROR ☞719(4) — ASSIGNMENTS OF ERROR—NECESSITY.

Where demurrer was sustained to an intervener's plea and he filed no assignment of error, the ruling will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2973; Dec. Dig. ☞719(4).]

2. EXECUTION ☞37—PROPERTY SUBJECT TO EXECUTION—MORTGAGED PROPERTY.

Both at common law and under Rev. St. 1911, art. 3744, mortgaged chattels are subject to execution and sale thereunder on a judgment recovered against the mortgagor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 51, 95–97, 101, 103; Dec Dig. ☞37.]

3. EXECUTION ☞268 — SALES — MORTGAGED PROPERTY.

Where a mortgage on mules was recorded so that it was notice, an officer, selling the animals under execution issued against the mortgagor, need not, under Rev. St. 1911, art. 3744, declaring that mortgaged goods may be sold on execution and that the purchaser shall be entitled to the possession when the property is held by the mortgagee upon complying with the conditions of the mortgage, notify purchasers of the existence of the mortgage.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 762–767; Dec. Dig. ☞268.]

4. EXECUTION ☞176—SALES—EXPENSES.

Where execution was levied on mortgaged mules and the mortgagee secured a decree temporarily enjoining sale, which was modified so as to allow sale in case purchasers were notified of the mortgage, the judgment creditors, though the decree was erroneous, are not entitled to recover from the mortgagee the expenses of readvertisement, etc., for such expenses will be deducted from the sale price, and the mortgagor alone would be entitled to complain.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 459½, 538; Dec. Dig. ☞176.]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by Stasny & Holub against A. E. Wilkerson and others, in which John Cervenka intervened. From a judgment for plaintiff and against the intervener, defendants appeal. Affirmed in part and in part reversed and rendered.

See, also, 179 S. W. 669.

Stanton Allen, of Bartlett, and Wilcox & Graves, of Georgetown, for appellants. W. A. Barlow, of Taylor, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

KEY, C. J. [1] A. E. Wilkerson obtained a judgment against John Cervenka for $169.84 in a justice of the peace court, and thereafter, under an execution issued upon that judgment, B. M. McLaughlin, constable of the court referred to, levied upon two mules as the property of John Cervenka to satisfy that judgment. Stasny & Holub, holding a promissory note for $500 executed by John Cervenka and secured by a mortgage lien upon four mules, brought this suit in the county court against Wilkerson and McLaughlin, to enjoin the sale of the two mules that had been levied upon as stated. A preliminary injunction was issued staying the sale of the property referred to, and upon a trial of the case in the county court, a judgment was rendered, modifying that injunction, but perpetually enjoining the defendants Wilkerson and McLaughlin from selling or offering for sale the two mules referred to, unless it was stated in the advertisement or notice required to be given by the officer making the sale that the sale would be made subject to the mortgage of the plaintiffs, and unless the sale should actually and expressly be made subject to that mortgage. It was also adjudged and ordered that the defendant Wilkerson take nothing by reason of his cross-action against the plaintiffs, Stasny & Holub; and judgment was also rendered against the defendants Wilkerson and McLaughlin for all the costs except those incurred by reason of the intervention of John Cervenka. John Cervenka filed a plea of intervention, to which the trial court sustained a general demurrer; and, as Cervenka has filed no assignment of error, we decline to pass upon that ruling although requested to do so by his counsel.

[2, 3] As to the controversy between the plaintiffs Stasny & Holub and the defendants Wilkerson and McLaughlin, and without referring in detail to the several assignments of error, we hold that the plaintiffs' petition, as well as the facts upon which the case was decided, failed to show that the plaintiffs were entitled to the judgment they obtained or to any other relief. It requires no citation of authorities to show that the owner of personal property, although he may have incumbered it by mortgage, can sell the same, and that the purchaser will acquire whatever title the owner has, but will take the property subject to the mortgage; and it ought not to require the citation of authorities to establish the proposition that the title or interest of such mortgagor is also subject to sale under execution, the purchaser taking the same, as the owner held it, subject to the mortgage. The principle referred to has often been declared by decisions in this state, though generally in cases of trial of the right of property. Wright v. Henderson, 12 Tex. 43; Wooton v. Wheeler, 22 Tex. 338; Sparks v. Pace, 60 Tex.

298; Garrity v. Thompson, 64 Tex. 597. In fact the rule of law referred to is statutory, as shown by article 3744 of the Revised statutes, which reads as follows:

"Goods and chattels pledged, * * * or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto; and the purchaser shall be entitled to the possession when it is held by the pledgee, assignee or mortgagee, on complying with the conditions of the pledge, assignment or mortgage."

The trial court seems to have based its judgment upon its construction of this statute, but that construction is not regarded as sound. When the property was levied upon it was in the possession of the mortgagor, and not in possession of the plaintiffs, who were mortgagees, and therefore a sale of the mortgagor's interest therein, whether voluntarily or involuntarily made, would not have interfered with or adversely affected any right of Stasny & Holub, the mortgagees.

It may be true, though we express no opinion upon the question, that when it is sought to levy upon and sell the interest of a mortgagor in property in the possession of the mortgagee, the levy and sale should, in express terms, be made subject to the mortgage; but when such is not the case, and the property is in possession of the mortgagor when it is levied upon, the statute quoted does not require or contemplate that the officer making the levy should institute an inquisition for the purpose of ascertaining whether or not some one holds a prior mortgage upon it, and then specifically state in the notice of sale, and at the time of making the sale, that the property is sold subject to such mortgage. In the instant case the mortgage was recorded, the animals levied upon were in possession of the defendant in execution, and differed, at least in some respects, from those described in the mortgage; and we are satisfied that the statute referred to never intended to place upon the officer who made the levy the duty of determining whether or not the mortgage embraced the animals levied upon by him. That would be a judicial question, and it would seem that the Legislature would have no power to vest in an executive officer authority to decide such a question of law in such manner as to affect the rights of persons claiming an interest in the property. In fact we agree with appellant's counsel that the statute means what it says, and merely intended to declare and make certain the proposition that mortgaged property may be sold under execution against the mortgagor, but that the purchaser would acquire no greater nor less title than would a purchaser directly from the mortgagor, and would take it subject to any valid prior lien upon it. Whether or not a purchaser of mortgaged property, whether the sale be voluntary or involuntary, can claim protection as an innocent purchaser need not be decided in this case, be-

cause appellees' mortgage had been duly recorded, and therefore it was notice to the world as to appellees' rights under the mortgage. The trial court held that the description contained in the mortgage was sufficient to put any one on notice that it covered the two animals here involved, although it stated their height and ages incorrectly. If that be true, as the mortgage was upon record, there could be no innocent purchaser of the property; and if the mortgage does not cover the animals referred to, as to which we express no opinion, then appellees have no case. Appellees alleged in their petition that if the property was sold under execution, the purchaser might remove it from the county, and make it very difficult and inconvenient for them to foreclose their mortgage when it became due, but the same might also be done by Cervenka, the mortgagor; and as no one can know who will buy the property under the execution sale, it is impossible for any one to correctly state that the purchaser will not preserve the property so as to render it as available for the satisfaction of the mortgage debt as it will be if it remains in the possession of the mortgagor. Hence we conclude that, upon the facts alleged in the plaintiffs' petition and found by the trial court, judgment should have been rendered for appellants.

[4] Appellants filed a cross-action, in which they sought to recover from appellees the additional expense that will be incurred in preserving and readvertising the property, and that would not have been incurred if appellees had not wrongfully sued out the injunction. The trial court, having found that the injunction was rightfully sued out, rendered judgment against appellants upon their cross-action, and that judgment will be affirmed, but not for the reasons given by the trial court, because we hold that the injunction was wrongfully sued out; but it does not follow that the wrong referred to will result in any injury to either Wilkerson or McLaughlin. The expense of preserving the property and readvertising it for sale will be included in McLaughlin's cost bill and deducted from the proceeds of the sale; and, if after that is done there shall not be sufficient money remaining to satisfy Wilkerson's judgment, then, and not until then, he may have a cause of action against appellees for their wrongful conduct in bringing about the delay which caused the additional expense. But if the property sells for enough to pay all the expenses and Wilkerson's judgment debt, then the only person who would have any right to complain on account of the additional expense referred to would be John Cervenka, the judgment debtor. So, upon the whole case, we reach the conclusion that the judgment of the court below dismissing John Cervenka's plea of intervention should remain undisturbed; but that, as between appellants and appellees, Stasny & Holub, the judgment against appellants on their cross-action should be affirmed, but that the judgment perpetuating the injunction should be set aside and judgment here rendered dissolving the injunction, and that appellees, Stasny & Holub, take nothing by their suit and pay all the costs of both courts, except those adjudged against intervener, John Cervenka.

Affirmed in part, and in part reversed and rendered.