### LAIRD v. WILLIAMS & CHASTAIN.
### (No. 701.)

Court of Civil Appeals of Texas. Waco.
Jan. 31, 1929.

Rehearing Denied Feb. 28, 1929.

B. J. Jackson and Pennington J. Jackson, both of Cleburne, and Goree, Odell & Allen, of Fort Worth, for appellant.

J. K. Russell and J M. Moore, both of Cleburne, for appellees.

GALLAGHER, C. J. This is a proceeding under the statute for the trial of the right of property in seven bales of cotton. Appellees, Williams & Chastain, held a note against G. B. Gillespie, which was past due. They brought suit thereon in the county court of Johnson county, and sued out a writ of attachment, and caused the same to be levied upon seven bales of cotton. Appellant claimed to have purchased said cotton, and presented his affidavit and bond for the trial of right of property. The same was accepted by the officer who levied the writ, and returned and filed in the district court of Johnson county. There was a trial before a jury. The case was submitted on special issues. The court, on the verdict returned by the jury in response thereto, rendered judgment in favor of appellees against appellant for the sum of $565, the amount of the indebtedness recited in the writ of attachment, and for the further sum of $56.50 statutory damages, together with all costs incurred in the original suit. Hence this appeal.

945

## Opinion.

Appellant sought to abate this action by quashing the writ of attachment· and the levy thereof on said cotton. The grounds relied on for quashing said writ were alleged defects in the attachment proceedings. The entire proceedings in the county court were presented as evidence to the court on the hearing of said plea. The court overruled the same. Our courts have held that a claimant may by a special plea attack the validity of the writ under which the property claimed was seized. Fort Worth Publishing Co. v. Hitson, 80 Tex. 216, 234, 235, 14 S. W. 843, 16 S. W. 551. The court did not indicate in that case what kind of a defect would sustain such an attack and justify holding such writ invalid. In the case of Meader Co. v. Aringdale, 58 Tex. 447, 450, the property claimed had been seized under an execution, and our Supreme Court held that the claimant could not successfully attack such execution unless the same was void, and cited in support of such holding Portis v. Parker, 22 Tex. 699, 707, Hancock v. Metz, 15 Tex. 205, 210, and Webb v. Mallard, 27 Tex. 80, 84. Whether the same rule applies to writs of attachment prior to final judgment in the original case we do not deem it necessary to determine. One defect in the attachment proceedings complained of by appellant is with reference to the language in which the conditions of the bond were expressed. The statute (Rev. St. 1925, art. 279) provides, in substance, that such bonds shall be conditioned "that the plaintiff will prosecute his suit to effect, and will pay all such damages and costs as shall be adjudged against him for wrongfully suing out such attachment." Of course, where there are two or more plaintiffs, the plural form must be used. Omitting the immaterial words, the conditions of appellees' attachment bond are expressed as follows: "Conditioned that * * * plaintiffs .* * * and prosecutes their said suit to effect, and that they will pay all such damages and costs as shall be adjudged against them for wrongfully suing out such attachment." The word "and" is wholly irrelevant to anything contained in the text of said conditions and its insertion was manifestly a clerical error. Trinity Portland Cement Co. v. Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483, 485, par. 5. We think the expression, "conditioned that plaintiffs prosecutes their said suit to effect" is the legal equivalent of the expression, "conditioned that plaintiffs will prosecute their suit to effect." The general rule in construing writings is that the mistakes in grammar or the misuse of words will not vitiate the same when the intention and meaning is reasonably clear. Maris v. Adams (Tex. Civ. App.) 166 S. W. 475, 478; Adams v. Maris (Tex. Com. App.) 213 S. W. 622, 624, par. 1; State v. Mooneyham, 212 Mo. App. 573, 253 S. W. 1098, 1110, par. 3; Sheetz v. Price, 154 Mo. App.

574, 136 S. W. 733, 734, par. 1; Smith v. State, 51 Tex. Cr. R. 645, 104 S. W. 899, 900; Roberts v. State, 33 Tex. Cr. R. 83, 24 S. W. 895; Thompson v. State, 69 Tex. Cr. R. 31, 152 S. W. 893, 894, par. 2; Smith v. State (Tex. Cr. App.) 287 S. W. 51. The obligation assumed by the words actually used in said bond is joint, and such words can have no other meaning than that said suit shall be prosecuted to effect.

Another ground relied on by appellant for quashing said writ was his contention that it was issued before suit had been duly instituted, contrary to the provisions of article 277 of our Revised Statutes. The basis of this contention is that the purported petition filed in the original suit in the county court was wholly insufficient, in that it failed to state who the defendant or defendants were in the suit attempted to be instituted by the filing thereof. Appellees' said petition contains an allegation that the defendants reside in Johnson county; that the defendant G. B. Gillespie executed and delivered to them the note sued on; that defendants, notwithstanding repeated demands, had failed and refused to pay said note, and prayed that the defendants be cited to appear and answer the same. Citation was issued and served upon G. B. Gillespie and his wife, Nettie Gillespie. We think said petition, considered as a whole, shows with reasonable certainty that G. B. Gillespie, one of the defendants in the writ of attachment, was made a party defendant in such petition, and that the filing of same constituted the institution of a suit against him by appellees. None of the irregularities urged by appellant in his brief as ground for quashing the writ of attachment were sufficient. Appellant's plea in abatement was properly overruled.

Appellees, in their tender of issues, pleaded, as ground for holding the cotton levied on subject to their writ of attachment, that the same was the property of Gillespie, the defendant therein; that he was insolvent and that his transfer of the same to appellant was fraudulent; that appellant's claim of ownership was fraudulent and asserted in bad faith; that appellant and Gillespie connived and conspired together to defeat appellees in the collection of their debt. Appellant, in reply to said allegations, pleaded that he bought and paid for said cotton, and received the tickets issued by the yard in which it was stored prior to the levy of appellees' writ of attachment; that he bought said cotton in good faith, without notice of any claim or demand on the part of appellees, and that he did not conspire with Gillespie or any one else to defeat their debt. Only two issues were submitted to the jury for determination. The jury found, in response to the first issue submitted, that appellant bought and paid for the cotton, and took charge of the tickets representing the same, prior to the levy of the

writ. The judgment of the court is therefore necessarily based on the issue of the fraudulent intent on the part of Gillespie, or his wife, acting in his behalf, in making the sale to appellant and his notice of, or participation in, such intent at the time.

Appellant requested the submission of this issue in the following form: "At the time of the purchase of said cotton did W. E. Laird connive with Nettie Gillespie to defeat and defraud plaintiffs' attachment lien on said cotton?" The second issue submitted by the court, and the answer of the jury thereto, are as follows: "Did W. E. Laird purchase said cotton in good faith and without notice of plaintiffs' claim on said cotton and with no intent to defraud or defeat plaintiffs' attachment lien on said cotton? Answer: No." Appellant objected to the submission of said special issue above recited on the grounds: (a) That the same presumes that appellees had a claim on said cotton prior to the purchase thereof by appellant; (b) that the same consists of three separate questions which might call for conflicting answers. Appellant, in said objection, repeated his request that said issue be submitted as theretofore presented by him.

Appellant, having requested the submission of the issue of his notice of or participation in the fraudulent intent, if any, of the defendant in the writ, the court, in framing the issues submitted, evidently attempted to make the same conform to appellant's pleading and to the language of the issue requested by him. So far as the issue prepared by the court submitted the question of appellant's good faith and his notice of appellee's claim, demand, or debt, it followed, in substance, the language of appellant's pleading. So far as it submitted the question of his intent to defeat or defraud appellees' attachment lien on the cotton, it followed the language chosen by appellant in framing the issue requested by him. Of course, if appellant purchased the cotton after the levy of the writ, such purchase could not and did not defeat such levy. If he purchased it before the levy of the writ, as found by the jury, it could not be said, literally, at least, that he purchased it either with or without the specific intent to defeat or defraud appellees' attachment lien, which did not then exist, because their writ had not then been levied. If the language so used with reference to defeating or defrauding the attachment lien was erroneous, the error was clearly invited by the use by appellant of substantially the same language in the issue requested by him. The issue as actually submitted, however, goes further than either appellant's pleadings or the issue requested by him, and inquires, in effect, whether appellant purchased "without notice of plaintiffs' claim on said cotton." It assumes as a fact that appellees had prior to the levy of their writ a claim of some sort on said cotton,

and in effect so informed the jury. Pullman Co. v. Moise (Tex. Civ. App.) 187 S. W. 249, 251, par. 2, and authorities there cited; Chicago, R. I. & G. Ry. Co. v. De Bord, 62 Tex. Civ. App. 302, 132 S. W. 845, 846, and authorities there cited; M., K. & T. Ry. Co. of Texas v. Smith, 63 Tex. Civ. App. 510, 133 S. W. 482, 483; Northern Traction Co. v. Peterman (Tex. Civ. App.) 80 S. W. 535, 537; Austin Gaslight Co. v. Anderson (Tex. Civ. App.) 262 S. W. 136, 137, 138; M., K. & T. Ry. Co. v. Jordan (Tex. Civ. App.) 2 S.W.(2d) 312, 316, par. 8; Hines v. Thornton (Tex. Civ. App.) 251 S. W. 523, 524.

Appellant testified that he knew that appellees claimed a debt against Gillespie. There was evidence tending to show that he had been advised that they were about to bring suit thereon, but no evidence showing or tending to show that he knew that they contemplated attaching the cotton. The issue of an intent on appellant's part to defeat or defraud appellees' attachment lien must therefore be understood to mean an intent to prevent, by his purchase, the seizure by them of said cotton by legal process to secure the payment of their debt. We think the assumption by the court, in the issue as submitted, that appellees had some sort of a claim on the cotton at the time appellant purchased the same, was reasonably calculated to influence the jury to appellant's prejudice in their consideration and determination of the issues of his good faith and the existence or nonexistence of such intent on his part at the time. Since the error just discussed requires a reversal of the judgment, it is not necessary to determine whether the issue as submitted by the court was subject to the other objection made thereto by appellant.

Appellant complains of the action of the court in awarding appellees, in addition to a recovery of their debt, the costs incurred in the county court in their suit to establish the same. Articles 7420, 7421, of our Revised Statutes provide, in substance, that, where the claimant fails to establish his right to the property involved, judgment shall be rendered in favor of the plaintiff in the writ against him and his sureties for the value of the property, with legal interest thereon from the date of the bond, that such judgment shall fix the amount of the plaintiff's claim, and that execution shall issue thereon for the amount so fixed. We think that the costs of court incurred in establishing such claim against the defendant in the writ, and in reducing the same to judgment, are a part thereof, within the meaning of said articles.

None of the other matters complained of in the propositions presented by appellant in his brief as ground for reversal will necessarily occur upon another trial.

The judgment of the trial court is reversed and the cause remanded.