**BOLIN TOOL CO. et al. v. JERNIGAN et al.**
**No. 982.**

Court of Civil Appeals of Texas. Eastland.
May 12, 1932.

Rehearing Denied June 3, 1932.

398

Marshall & King, of Graham, for plaintiffs in error.

T. R. Odell, of Throckmorton, for defendants in error.

FUNDERBURK, J.

This appeal is from the judgment in the statutory action of "Trial of Right of Property." J. B. Jernigan and B. M. Whittaker recovered judgment in the justice court against Brihill Oil Corporation for $180 and for foreclosure of an attachment lien existing by virtue of the issuance and levy of a writ of attachment in said suit upon certain described personal property. The suit in justice court was filed October 27, 1930; affidavit and bond for attachment was filed, and the writ of attachment was issued the same day and returned served on October 29, 1930. On December 13, 1930, J. B. Jernigan recovered judgment in the justice court for debt and foreclosure of the attachment lien as aforesaid, and two days thereafter, on December 15, 1930, Bolin Tool Company made claimant's affidavit and filed bond in the sum of $800, being double the value of the property as appraised by the sheriff, and indorsed on the bond. The bond found its way into the county court, where the parties appeared and written issues were made up and tried. The court rendered judgment in favor of J. B. Jernigan, and awarded him a recovery against Bolin Tool Company and its sureties on the claimant's bond for the sum of $180, with interest from December 13, 1930, at 6 per cent. per annum, and also for the sum of $7.80, costs of suit in the original cause, and $18 damages, and for costs of suit. The action was disposed of as between B. M. Whittaker and the claimant in some manner not complained of and not involved in this appeal.

■ Plaintiff in error by its first proposition contends that defendants in error had the burden of showing jurisdiction of the county court to render the judgment, and that the record does not show such jurisdiction. The point of the argument seems to be that defendants in error failed to show that the oath and bond were returned to, or filed with, the county clerk. The law required the bond and oath to be returned to the proper court having jurisdiction to try such claim. R. S. 1925, art. 7406. The sheriff having valued the property at $400, and indorsed the value upon the bond, the county court of Throckmorton county was the only court that had jurisdiction. The issues were made up and tried in that court. We regard it as wholly unimportant that the time and fact of the filing of the papers may not appear by express indorsement thereon.

■ It is next insisted that the judgment of the trial court was not supported by any evidence of the value of the property in question. As already stated, the sheriff indorsed on the bond the value of the property as assessed by him at $400. The claim for which the attachment was made was $180. The indorsement of value by the sheriff was sufficient to determine the jurisdiction of the court. Carney v. Marsalis, 77 Tex. 62, 13 S. W. 636; Leman v. Borden, 83 Tex. 620, 19 S. W. 160; R. S. 1925, art. 7416, provides that, whenever the property is taken from the defendant or any other person than the claimant, the burden of proof is upon the claimant. The burden of proof was therefore, in this case, upon the claimant. We are of opinion that the valuation of the property by the sheriff, being more than the claim of the plaintiff, presumptively entitled the plaintiff to judgment for the amount of his claim, interest, damages, etc., without other proof of value. If the property was of less value than the amount of the claim, the burden was upon the claimant to so sh' ·. The bond filed by the plaintiff in error described the $800, the amount of the obligation, as being "double the value of said property." No issue was tendered that the value of the property was not more than the amount of the claim.

The other questions presented are controlled in principle by the points already discussed, and are therefore likewise overruled.

■■ The appellee asserts a counter proposition to the effect that the claimant had neither possession nor right of possession of the property at the time the writ of attachment was levied, and therefore was not authorized to maintain the statutory action of "trial of right of property." The undisputed evidence shows that the claimant acquired whatever right it had to the property by a bill of sale on November 15, 1930. The return showing the levy of the attachment was dated October 29, 1930. We sustain the counter proposition. Only one having possession of property or such title as would confer the right of possession at the time the writ is levied can maintain the action. Willis & Bro. v. Thompson, 85 Tex. 301, 20 S. W. 155; Laird v. Williams (Tex. Civ. App.) 13 S.W.(2d) 944; Casentini v. Ullman, 21 Tex. Civ. App. 582, 54 S. W. 420.

We are therefore of opinion that the judgment of the court below should be affirmed, and it is accordingly so ordered.