## BEIL et al. v. LEBO.

### No. 9569.

Court of Civil Appeals of Texas. San Antonio.

July 25, 1934.

Saunders, Saunders & Whipple and A. H. Lumpkin, all of San Antonio, for appellant.

Bert B. Thompson, of San Antonio, for appellee.

SMITH, Justice.

George L. Beil recovered judgment against Meyer Reich, and writ of execution was issued upon that judgment. In due course the sheriff levied upon certain personal property belonging to Reich, consisting of furniture and fixtures used by him in operating a café in a storeroom on Broadway, in the city of San Antonio.

Reich's landlord, William Lebo, claiming that Reich owed him $240 in rents due upon the storeroom in question, procured a temporary writ of injunction restraining Beil and the sheriff from selling the property levied upon under said execution, upon the ground, only, that he holds a landlord's lien upon said property.

From an order refusing his motion to dissolve said injunction, Beil has brought this appeal, upon the one contention that, even though appellee has a valid subsisting lien upon the property involved, said property may nevertheless be sold under execution to satisfy the judgment against the owner.

We sustain appellant's contention. Article 3797, R. S. 1925, and article 5238, as amended by Acts 1933, 43d Leg. p. 282, ch. 112 (Vernon's Ann. Civ. St. art. 5238); Garrity v. Thompson, 64 Tex. 597; Sparks v. Pace, 60 Tex. 298; Baldwin Motor Co. v. De Ford (Tex. Civ. App.) 282 S. W. 832; Wilkerson v. Stasny (Tex. Civ. App.) 183 S. W. 1191. Under the authorities cited, the interest of a mortgagor in personal property is subject to sale under execution; the purchaser taking the same, as the owner held it, subject to the existing incumbrance.

Applying that rule to the case made here, the property involved is subject to sale under execution to satisfy the judgment against the

owner and mortgagor, and the title of the purchaser at such sale will be subject to appellee's lien, if and when established.

■ There was no proof or finding of probable waste, removal, or destruction of the property, or of other injury to appellee, and, in the absence of such showing and under the general rule stated, the injunction was improvidently granted.

The judgment will be reversed and the injunction dissolved, at the cost of appellee.