**BUFKOR, INC., Appellant,**

v.

**STAR JEWELRY COMPANY, INC., Appellee.**

**No. 7936.**

Court of Civil Appeals of Texas, Beaumont.

May 12, 1977.

Rehearing Denied June 9, 1977.

Stephen Park Johnson, Houston, for appellant.

Sam L. Stolbun, Houston, for appellee.

DIES, Chief Justice.

On Motion for Rehearing, the prior opinion is withdrawn and this opinion substituted therefor.

On February 20, 1975, plaintiff below, Star Jewelry Company, Inc., delivered certain items of jewelry to "Tavenier [sic] 1704 S. Post Oak Houstn [sic], Texas". The invoice contained these words: "Goods must be purchased or returned within 5 days of receipt or they may be automatically invoiced to your account." On January 15, 1975, defendant below, Bufkor, Inc., obtained a judgment against James T. Dolleslanger, individually, and doing business as Tavernier Jewelers. Thereafter, on April 2, 1975, Bufkor, Inc., levied execution upon jewelry which Star had placed in Tavernier's possession. On March 12, 1976, Star Jewelry, Inc., filed suit against Bufkor, Inc., styled "Right to the trial of property", pursuant to *Tex.R.Civ.P. 717*, and contended that it owned the property because same had been delivered to Tavernier on consignment.

Trial was to the court, without a jury, and judgment was entered in favor of Star Jewelry Company, Inc., from which Bufkor perfects this appeal. The parties will be referred to herein by name.

Tavernier has since gone into bankruptcy, and Bufkor, Inc., seeks preferred status relying on its judgment. Star Jewelry contends title did not pass to Tavernier because of a consignment arrangement.

It is true that the term "consignment" was used in the dealings of the parties, but it is also true that Tavernier maintained a place of business for the purpose of selling jewelry merchandise, had authority to sell this merchandise, and Star did not seek return of the merchandise.

■ Transactions which once might have been regarded as consignments are now regarded as sales by the *Uniform Commercial Code; 50 Tex.Jur.2d "Sales" § 22 p. 277 (Rev.1969)*. The purpose of this change was

to permit people to deal with a debtor upon the assumption that all property in his possession is unencumbered, unless the contrary is indicated by their own knowledge or by public records. *Columbia International Corporation v. Kempler*, 46 Wis.2d 550, 175 N.W.2d 465, 469 (1970).

■ Chapter 9 of the *Texas Uniform Commercial Code* provides a method by which Star could have given notice of its lien, i. e., by filing a financing statement with the Secretary of State. Tavernier's president Dolleslanger gave Star the form and suggested that such a statement be filed. This was not done by Star. *Tex.Bus. & Comm.Code Ann. § 2.326 (1968)* provides:

"(a) Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is

\* \* \* \* \* \*

"(2) a 'sale or return' if the goods are delivered primarily for resale.

"(b) Except as provided in Subsection (c), goods held on approval are not subject to the claims of the buyer's creditors until acceptance; goods held on sale or return are subject to such claims while in the buyer's possession.

"(c) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as 'on consignment' or 'on memorandum'."

See also *Anderson's Uniform Commercial Code, Vol. 1 § 2–326:4 p. 260.* The intention of the parties is no longer determinative of the question of whether a transaction is a sale or a consignment. *Collier v. B & B Parts Sales, Inc.*, 471 S.W.2d 151 (Tex.Civ.App. Tyler 1971, no writ).

■ Consequently, we hold that these goods should be held to have been delivered for "sale or return", and thus, that neither the title nor the right to possession of these goods was retained by plaintiff Star Jewelry Company.

Star, having neither title nor right to possession, may not prevail in a trial of right of property. As was said by our Supreme Court in *Garrity & Huey v. Thompson & Ohmstede*, 64 Tex. 597, 598–599 (1855):

"The point is made here . . . that the interest of Garrity & Huey in the property levied on, if they have any, is not such as can be asserted by a claim under the statute regulating trials of the right of property.

"It has been so frequently decided by this court as to have become settled law, that a mortgagee out of possession cannot assert his claim to property levied on by attachment or execution, in the manner prescribed by that statute. *Erwin v. Blanks*, 60 Tex. 583; *Wright v. Henderson*, 12 Tex. 43; *Wootton v. Wheeler*, 22 Tex. 338; *Belt v. Raguet*, 27 Tex. 471; *Adoue v. Seeligson*, 54 Tex. 593.

\* \* \* \* \* \*

*"[T]he claimant by his affidavit and bond asserts an absolute title to the property, and is 'estopped from attempting to hold it under a mere lien, for the law will not permit parties to claim and get possession of property on one ground, and then retain it upon another and different one, but they must stand upon the ground which they first elected.' Adoue v. Seeligson, supra ; citing Lucketts v. Townsend, 3 Tex. 119; Watts v. Johnson, 4 Tex. 311."*

And, in *Bolin Tool Co. v. Jernigan*, 50 S.W.2d 397, 398 (Tex.Civ.App. Eastland 1932, no writ), we find:

"Only one having possession of property or such title as would confer the right of possession at the time the writ is levied can maintain the action. *Willis & Bro. v. Thompson*, 85 Tex. 301, 20 S.W. 155; *Laird v. Williams* (Tex.Civ.App.) 13 S.W.2d 944; *Casentini v. Ullman*, 21 Tex. Civ.App. 582, 54 S.W. 420."

Finally, in the recent case, *Long v. Castaneda*, 475 S.W.2d 578, 582 (Tex.Civ.App. Corpus Christi 1971, writ ref'd n.r.e.). Justice Nye, in discussing the availability of this remedy, stated:

"[A] trial of the right of property cannot determine the question of priority of liens."

It is clear under the foregoing authorities that Star's interest, if any, in the goods in question may not be asserted in a trial of the right to property, and that Star was not entitled to levy upon the goods in question pursuant to *Tex.R.Civ.P. 717*, et seq.

We, therefore, proceed to render the judgment that the trial court should have rendered: that plaintiff take nothing by reason of its suit and that the levy be vacated and the goods returned to defendant Bufkor, Inc.

REVERSED and RENDERED.