## Stamford Oil Mill Company v. English Barnes.

Decided April 24, 1909.

1.—Personal Injuries—Charge—Double Recovery.

In a suit for damages for personal injuries the court charged the jury that in estimating plaintiff's damages they might take into consideration "any reduction of his power or capacity to earn money during the course of his life, if any, and also any reduction of his power or capacity to pursue the course of life he might pursue . . . but for such injuries." Held, misleading and calculated to authorize a double recovery.

2.—Same—Cases Followed—Case Distinguished.

International & G. N. Ry. Co. v. Butcher, 98 Texas, 462, and Missouri, K. &

T. R. Co. v. Nesbit, 40 Texas Civ. App., 209, followed.   Texas Cen. Ry. Co. v. Johnson, 51 Texas Civ. App., 126, distinguished.

**3.—Personal Injuries—Measure of Damage—Charge.**

In a suit for damages for personal injuries, a charge which suggests to the jury the various subjects or elements of damage they might consider is not necessarily erroneous; but it is otherwise where the charge mentions the subjects in such a way and in such a connection as is calculated to mislead the jury to treat items that enter into the same subject as separate and distinct items of damage.

**4.—Same—Charge.**

When, in an action for damages for personal injuries received upon the premises of the defendant, the pleading and evidence raised the issues of defendant's negligence and plaintiff's contributory negligence, it was error for the court to charge the jury in substance, that even though they believed from the evidence that the defendant had signs of "No Admittance" posted about its premises at the time plaintiff was injured, still if they further believed that the signs did not apply to customers of the defendant and that plaintiff was a customer at the time he was injured, they should not consider for any purpose the fact that the signs were so posted.

Appeal from the District Court of Jones County.  Tried below before Hon. C. C. Higgins.

*Andrews, Ball & Streetman,* and *W. T. Andrews,* for appellant.

*H. G. McConnell,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an action by English Barnes, a minor, by his father, W. T. Barnes, as next friend, to recover damages against the Stamford Oil Mill Company for personal injuries, and is a companion case to cause No. 6081, this appellant versus Barnes, this day decided in an opinion by Mr. Justice Dunklin, which opinion see for a fuller statement of the case.   There was a trial before a jury, resulting in a verdict for the plaintiff, from which the defendant has appealed.

Many of the questions raised on this appeal are disposed of by us in the case above referred to and need not be again discussed. We have reached the conclusion in this case, however, that the judgment must be reversed and the cause remanded for errors in the charge of the the court.   In submitting the measure of appellee's recovery, the court instructed the jury as follows: "In case you find for the plaintiff, you will, in estimating his damages, take into consideration the proof, if any, showing mental and physical pain and suffering sustained by him in the past by reason of his injuries, and also any mental or physical pain he may sustain in the future resulting from such injuries, if any, and also any reduction of his power or capacity to earn money during the course of his life after he shall attain the age of twenty-one years, if any, and also any reduction of his power or capacity to pursue the course of life he might pursue after he arrives at the age of twenty-one years, but for such injuries."   The complaint of this charge is that it is misleading and calculated to authorize the jury to allow a double recovery.   That injuries which would affect appellee's power or capa-

city to earn money during the course of his life after he shall attain the age of twenty-one years, might also, and perhaps necessarily, affect his power or capacity to pursue the course of life he might pursue after he arrives at the age of twenty-one years but for such injuries, seems apparent and is so decided in the cases of International & G. N. Ry. Co. v. Butcher, 98 Texas, 462, and Missouri, K. & T. Ry. Co. of Texas v. Nesbitt, 40 Texas Civ. App., 209. The present charge, however, does not so expressly authorize the jury to allow damages for these things as separate elements, as do the charges in the two cases referred to, and we have considered whether or not a distinction ought to be made on this account, the present charge, as will be seen, merely directing the jury that in estimating appellee's damages they will take into consideration the variously named items. We have finally reached the conclusion that no distinction ought to be made, and that the charge under review is subject to the criticism that it is calculated to mislead the jury and to induce them to consider things that properly constitute but one element.

In Texas & N. O. Ry. Co. v. McCraw, 43 Texas Civ. App., 247, the charge was as follows: "If you determine that plaintiff was injured substantially as was alleged by him, and if you find for the plaintiff, then you may consider the nature, extent and duration of such injury, and whether or not plaintiff has suffered physical or mental pain, and whether or not he will hereafter so suffer as a result of such injuries; and you may also consider whether or not plaintiff's earning capacity after he reaches the age of twenty-one years will be diminished by reason of such injuries; and you may consider whether or not such injuries will result in inconvenience or risk to plaintiff's general health or life, and having considered these matters, you will render your verdict for such a sum of money as in your conscientious judgment will fairly compensate plaintiff for such injuries." In condemning that charge upon the same objection that is urged in the present case, the court said: "The rule applied by the Supreme Court in the Butcher and Nesbit cases is understood to be that a charge is defective not necessarily because it suggests to the jury the various subjects or elements of damage they may consider, but where it mentions the subjects in such a way and in such a connection as is calculated to mislead them to treat items that enter into the same subject as separate and distinct elements of damage." While the case of Missouri, K. & T. Ry. Co. of Texas v. Hannig, 91 Texas, 350, was expressly reversed for error in admitting testimony, it is yet worthy of notice that Mr. Chief Justice Gaines in the opinion in that case uses the following language, which is pertinent to the question before us: "Again, it seems to us that the charge of the court upon the measure of damages may be subject to the criticism made upon it in the plaintiff in error's assignment. To charge that in assessing the damages they should consider the plaintiff's 'personal injury,' his 'pain and suffering' in consequence of his injuries, and 'the permanent injury sustained by him,' is, we think, calculated to confuse the jury and to induce them to give damages twice for the same loss." Nor does the decision in Texas Cen. R. R. Co. v. Johnson, 51 Texas Civ. App., 126, announce a different rule,

In that case the criticism of the charge was that in allowing the jury to consider "permanent injury, if any" and "diminished capacity to earn money," they were thereby authorized to award a double recovery. But it is perfectly plain that if the jury in any case were to determine that the plaintiff's earning capacity had been diminished by an injury, they should further consider, if the evidence warranted it, whether or not such injuries were permanent, and to do so would in no sense be to consider twice the same element of damages. The jury could not intelligently allow for diminished earning capacity without at the same time determining the probable duration of the impairment. It is most probable that the average juror would understand, when he is told by the court to consider in estimating the plaintiff's damages his diminished capacity to earn money and also his diminished capacity to pursue the course of life he might pursue but for such injuries, that these references are not to one and the same thing, but that they constitute separate elements of damage, for each of which the jury would be authorized to award damages, and herein lies the vice of the charge under consideration.

Complaint is also made of the following special charge given at the instance of appellee: "You are charged that if you believe from the evidence that the defendant had posted about its premises signs of 'no admittance' at the time of the alleged accident to the plaintiff, and you further believe that said signs did not apply and were not intended to apply to the customers of defendant who went upon defendant's premises to purchase cotton seed hulls, and you further believe that at the time of the alleged accident the plaintiff was upon the said premises with his brother to purchase cotton seed hulls, then you will not consider for any purpose the fact that defendant had such signs posted upon its premises, if any were so posted." The giving of this charge was error. It withdrew from the consideration of the jury a fact which they would have been authorized to consider in passing upon appellant's negligence, and especially appellee's contributory negligence, both of which were vital issues in the case.

We find no other errors in the record, but for those discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*