## CHICAGO, R. I. & G. RY. CO. v. DE BORD.

(Court of Civil Appeals of Texas. Oct. 15, 1910. Rehearing Denied Nov. 19, 1910.)

1. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—INJURIES TO SERVANT—ACTION—ADMISSIBILITY OF EVIDENCE.

In an action by a railway brakeman for injuries received while attempting to switch a car of coal up a steep incline to a coal chute, testimony that it was more dangerous to get up on the incline on which was situated the coal chute than to do ordinary switching was concerning a fact so obviously true that proving it was not error, though the testimony was not material or relevant to any issue under the pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

2. EVIDENCE (§ 192*)—DEMONSTRATIVE EVIDENCE—EXHIBITING INJURIES TO JURY.

In an injury action, it was not error to permit plaintiff to exhibit his injuries to the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 677; Dec. Dig. § 192.*]

3. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACTS IN ISSUE.

In an action by a railway brakeman for injuries received while attempting to switch a car of coal up a steep incline to a coal chute a charge that if defendant company was negligent in constructing its coal bins on the coal chutes in too close proximity to the tracks so that the cars and tender of an engine would pass so close to the bin that it would prevent the safe passage of the body of a person riding on the side of the tender, and that such negligence was the proximate cause of the injury, or that if plaintiff was injured as alleged, and gave the proper signal to stop to the engineer in charge of the engine propelling the car about to be placed by plaintiff, and that the engineer failed to exercise ordinary care in keeping watch to receive such signal, if any, and failed to obey it, and that such failure was the proximate cause of the injury, plaintiff should recover, etc., was erroneous, as assuming that the bins were too close to the track to permit safe passage of a man's body riding on the side of the tender, and that it was the engineer's duty to exercise ordinary care to keep watch and receive signals from plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

4. DAMAGES (§ 216*)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS.

A charge that if the jury found for plaintiff they should allow him a sum which would compensate him for the injuries considering his mental and physical suffering, if any, and that if they believed that the injuries, if any, were permanent they should, in addition to "the above," find such sum as would be fair compensation for his diminished capacity, if any, was objectionable, as involving an ambiguous use of the phrase "the above," which might result in a double recovery of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

5. MASTER AND SERVANT (§ 296*)—INJURIES TO SERVANT—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In an action by a railway brakeman for injuries received while switching a car where under plaintiff's evidence, if believed, he was not in a place of danger if the engineer in charge of the engine propelling the car observed plaintiff's signals, the injury only being produced through negligence of the engineer, which plaintiff was not required to anticipate, it was not error to refuse a charge that, where one voluntarily chooses a dangerous rather than a safe place, and is injured in consequence, he is guilty of negligence precluding recovery.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 296.*]

Appeal from District Court, Potter County; J. W. Browning, Judge.

Action by Rolla De Bord against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Turner, Hendricks & Boyce and Lassiter & Harrison, for appellant. Gustavus, Bowman & Jackson, for appellee.

SPEER, J. Rolla De Bord, a brakeman on one of the trains belonging to the Chicago, Rock Island & Gulf Railway Company, sued that company and recovered damages for injuries received by him while attempting to switch a car of coal up a steep incline to a coal chute at McLean, Tex. The negligence relied on was, first, that the coal bins were too close to the track, and, second, that the engineer of the train failed to stop after receiving a signal from the plaintiff. The defense was a general denial, assumed risk, and contributory negligence. The answer of the witness Jones to the effect that it is more dangerous work to get up on the incline on which was situated the coal chutes than to do ordinary switching was concerning a fact so obviously true that proving it could hardly constitute error, even though such answer was not material or relevant to any issue under the pleadings. Neither was there error in permitting appellee over the objections of appellant to exhibit his injuries to the jury. It occurs to us that this would be evidence of a very high degree as to the extent of the injuries, and, besides, the precise question appears to be well settled by the authorities. St. L. & S. F. Ry. Co. v. Mathis, (Ark.) 107 S. W. 530, and cases there cited.

There is error, however, in the third paragraph of the court's charge, which is as follows: "Bearing in mind the foregoing definitions and instructions, if you believe from the evidence that the plaintiff was in the employ of the defendant as a brakeman on or about the 23d day of December, 1908, and if exercising ordinary care in the performance of his duty at McLean, Tex., in helping to place a car of coal on defendant's coal chutes at that station, he was injured as alleged, and you further believe from the evidence that the defendant company was negligent in constructing its coal bins on said coal chutes in too close proximity to the track, so that the cars and the tender of an engine while on such track would pass so close to said coal bins as to prevent the safe passage of the body of a person riding on the side of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the tender, and you find that such negligence was the proximate cause of the plaintiff's injuries; or if you believe from the evidence that the plaintiff as such employé, and in exercising ordinary care on his part in the performance of his said duty at said time and place, was injured as alleged in his petition, and you further believe from the evidence that the plaintiff gave the proper signal to the engineer in charge of the engine propelling the car of coal about to be placed by plaintiff, and you further believe that said engineer failed to exercise ordinary care in keeping watch to receive such signal, if any, and failed to obey the same and that such failure was the proximate cause of plaintiff's injuries—you will find for the plaintiff, unless you find he was guilty of contributory negligence as hereinafter referred to."

The first complaint of this charge is that it assumes that the coal bins were too close to the track to permit the safe passage of a man's body riding on the side of the tender, as appellee was, and submits to the jury only the question whether or not the construction of the bins in such close proximity was negligence, and the second objection is that the charge assumed it to be the duty of the engineer to exercise ordinary care to keep watch and receive signals from the plaintiff, whereas it was a question for the jury to determine under all the circumstances whether that duty devolved upon the engineer. We sustain these contentions. Ft. Worth Belt Ry. Co. v. Johnson, 125 S. W. 387; Tex. Cen. R. R. Co. v. Waldie, 101 S. W. 517; M., K. & T. Ry. Co. of Tex. v. Wolf, 40 Tex. Civ. App. 381, 89 S. W. 778. It may be that the first of these errors is harmless in view of the practically undisputed evidence that the bins were too close to the tracks to permit the passage of a man's body, but this cannot be said of the second. There is much testimony indicating that the engineer had seen appellee pass out of sight between the tender and car of coal and was taking his signals from the conductor of the train at the time. It was, therefore, improper to assume that it would be negligence not to watch for and receive signals from the appellee. For this error in the charge, the judgment will be reversed.

It is also insisted that the following paragraph of the court's charge permits a double recovery of damages: "If you find for the plaintiff you should allow him such sum as you believe from the evidence will compensate him for the injuries sustained, if any, and in estimating his damages you should take into consideration the mental and physical suffering, if any, consequent upon the injuries received, if any, and if you believe from the evidence that the injuries, if any, are permanent and will disable him for labor in the future, you should in addition to the above find such sum as will be a fair compensation for his diminished capacity, if any, to labor and earn money in the future." Whether or not this charge had the effect indicated depends upon the use made by the jury of the expression "you should in addition to the above," etc. If the jury understood "the above" to apply to the compensation for the injuries sustained authorized in the first part of the charge, then clearly there would be a double recovery, for compensation for the injuries sustained covers every item, or element, proper to be considered. If, on the other hand, the jury interpreted the charge as the court doubtless meant it, and considered "the above" to refer only to the "mental and physical suffering" mentioned in the charge, the paragraph is correct and no evil consequences could have followed. On another trial this ambiguity should be eliminated so as to remove any uncertainty as to the misleading character of the charge. I. & G. N. Ry. Co. v. Butcher, 98 Tex. 462, 84 S. W. 1052; Stamford Oil Co. v. Barnes, 119 S. W. 872; Abilene Light & Water Co. v. Robinson (decided by this court June 25, 1910) 131 S. W. 299.

Appellant's special charges were all correctly refused. They either ignored the issue of negligence in the construction of the coal bins, or were sufficiently included in the court's charge. Furthermore, special charge No. 5 sought to submit an issue of contributory negligence not pleaded by appellant.

Appellant sought to invoke the principle announced by our Supreme Court in Texas Midland R. R. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, to the effect that where a person voluntarily chooses a dangerous rather than a safe place, and is injured in consequence, he is guilty of such negligence as would preclude a recovery, and requested a charge to that effect, but the principle can have no application to the facts of this case, since, if appellee's evidence is to be believed by the jury, he was not in a place of danger if the engineer observed his signals. The danger could only be produced through the negligence of the engineer, which the appellee of course would not be required to anticipate. That principle, itself, we apprehend, is no more than the abstract application of the doctrine of contributory negligence, and where contributory negligence is itself clearly submitted in a way applicable to the facts of a given case, it is doubtful in our minds if the case should be further complicated by the giving of a charge which treats such matter as an independent defense.

The judgment of the district court is reversed and the cause remanded for another trial.