HINES, Director General, et al. v. THORN-
TON. (No. 6507.)

(Court of Civil Appeals of Texas. Austin.
April 11, 1923.)

1. Trial ☞191(6)—Instruction held erroneous,
as assuming carrier's negligence in live stock
shipment.

In a shipper's action for injuries to live
stock in transit, an instruction submitting the
question as to whether the cattle were injured
by the negligence of the railroad companies
*held* erroneous, as intimating the court's opin-
ion on a contested question of fact, by assum-
ing that defendant was guilty of negligence.

2. Carriers ☞230(7)—Instruction giving des-
tination differently from that stated in origi-
nal contract of shipment held not erroneous,
where change of destination shown.

In a shipper's action against a carrier for
injuries to live stock while in transit, it was
not error in the charge to treat a certain point
as the destination of the shipment, although
such point was a different one from that desig-
nated in the contract of shipment; the undis-
puted testimony showing that the destination
was by agreement changed while the shipment
was in transit.

3. Appeal and error ☞232(2)—Objections to
evidence on grounds not specified at trial will
be overruled.

Assignments as to error in admitting tes-
timony will be overruled, where the testimony
was not objected to on such grounds at the
trial.

4. Carriers ☞207(2)—Shipping contract held
binding on shipper, notwithstanding blanks
therein filled out after signature.

In a shipper's action for injuries to live
stock while in transit, where it appeared that
the shipper signed the contract of shipment
leaving certain blanks not filled out, the ship-
per was bound thereby, although the agent filled
out the blanks after the contract was signed.

5. Carriers ☞215(1)—No liability for damag-
es to live stock from ordinary handling and
confinement in cars.

In a shipper's action for damages to live
stock while in transit, it was error to refuse
a special charge, requested by defendant, that
the carrier could not be liable for damages nec-
essarily resulting in the course of transporta-
tion from ordinary handling by the carrier, such
as ordinary switching and confinement in the
cars.

Appeal from Coleman County Court; L. G.
Mathews, Judge.

Action by J. M. Thornton against Walker
D. Hines, Director General, in which James
C. Davis, as Federal Agent, was substituted
as defendant. Judgment for plaintiff, and
defendant appeals. Reversed and remanded.

Terry, Cavin & Mills and O. B. Wigley, all
of Galveston, and Snodgrass & Dibrell, of
Coleman, for appellant.

Baker & Weatherred, of Coleman, for ap-
pellee.

KEY, C. J. Appellant's brief contains the
following substantially correct statement of
the nature and result of this suit:

"The caption of this case is slightly mis-
leading, in that there should be no 'et al.,' for
the reason that, while the case was filed against
Walker D. Hines, as Director General, his suc-
cessor, James C. Davis, as Federal Agent, was
substituted as defendant and is appellant. The
transcript does not contain appellee's original
petition, but begins with his first amended peti-
tion, filed on June 18, 1921, alleging the opera-
tion by appellant of the International & Great
Northern Railway Company and the Gulf, Colo-
rado & Santa Fé Railway Company as common
carriers, and that their combined rails reached
from Lovelady, Tex., to Coleman, Tex. Ap-
pellee alleged that on November 22, 1919, he
delivered to the International & Great North-
ern Railroad, at Lovelady, Tex., 41 head of
cattle owned by him, consisting of 1 bull, 25
cows, 12 heifers and yearlings, and 3 calves,
in good condition, for through shipment to him-
self at Coleman, Tex.; that the said railroad
company agreed to transport the same to desti-
nation with reasonable dispatch and proper care
and attention, but contrary to such agreement
and its legal duty negligently and unnecessarily
delayed said cattle en route and kept them on
cars without feed and water, or unloading for
rest, for an unreasonable time, to wit, about 56
hours, and then unloaded them at Brownwood,
Tex.; that said defendant negligently and un-
necessarily handled said cattle in jerking, jolt-
ing, bumping, and bruising same, and kept said
cattle in the cars for so long a time without
water, feed, or rest that 3 of them died, of the
value of $100 each, and that all of said cattle,
except those that died, were skinned and bruis-
ed and damaged by such negligent carriage in
the sum of $500, aggregating damages in the
sum of $800, for which sum plaintiff sued; that
the exact nature of the negligence complained
of was fully known to defendant, but not to
plaintiff; that plaintiff demanded that said cat-
tle be unloaded, fed, and watered at Temple and
Lometa, on the line of the Gulf, Colorado &
Santa Fé Railway Company.

"Appellant filed numerous special exceptions
to said petition, all of which were overruled,
following with general denial, and then special-
ly answered that, if said cattle were kept on
said cars for the length of time alleged by ap-
pellee, said long confinement was caused by the
necessity of the train crews tying up at Lometa
on account of the 16-hour law, thus making said
delay unavoidable; that said cattle could not be
unloaded at Lometa while the crew was tied
up at that point on account of the quarantine
regulations with reference to said cattle, which
prohibited ticky cattle being unloaded in clean
territory.

"In answer to one of appellant's special ex-
ceptions, appellee filed his trial amendment and

alleged that the contract whereby said cattle were carried was in writing, and that it provided that they should be transported from Lovelady, Tex., to Coleman, Tex., but that the cattle were unloaded at Brownwood, Tex., at appellee's direction.

"In answer to this trial amendment, appellant filed a trial amendment, alleging that the written contract of carriage pleaded by appellee in his trial amendment limited the values of the cattle therein described to certain figures, and that the freight rate charged by appellant and paid by appellee for the transportation thereof was based upon and determined by the released value placed upon said cattle by appellee; that said limitation of values was binding, because promulgated by the Director General under the authority of the Interstate Commerce Commission, and that, if appellee was entitled to recover any sum, his recovery was limited to the released values placed upon his stock when delivered for transportation.

"To this allegation of limited liability appellee replied, pleading that such was contrary to law, and further denied that he made any representation, or had any agreement with appellant as to the value of said cattle when shipped.

"Upon these pleadings the case was tried, being submitted to a jury upon two special issues, upon the answers to which the court rendered judgment in favor of appellee for $618, with interest from the date thereof at 6 per cent. per annum.

"Appellant moved the court to set aside the answers of the jury, which motion was overruled, and then filed his amended motion for new trial, which was also overruled. Appeal was duly perfected, and the case is now before this court for review and revision."

### Opinion.

The court submitted the case to the jury upon two special issues, the first reading as follows:

"Were the cattle in question injured by the negligence of the railway companies?"

The other question related to the measure of damages, and the objection to it will be noted later.

Appellant assigns error upon the paragraph of the charge just quoted, and in support of that assignment presents the contention that the charge was upon the weight of the evidence, as it assumed that the defendant was guilty of negligence, and was intended to submit to the jury only the question of whether or not such assumed negligence caused any of the injuries complained of in the plaintiff's petition.

[1] Nowhere in the court's charge was the issue of the defendant's negligence submitted separately to the jury, and it seems to us that the charge quoted is subject to the criticism urged against it. At any rate, and to say the least, it was misleading, and the jury may have understood it as indicating the trial judge's opinion to the effect that the railway companies that handled the shipment were guilty of negligence. We have a statute which prohibits a judge from com-menting to the jury upon the weight of testimony, and it has been held by the Supreme Court that a charge which intimates to the jury the judge's opinion upon a contested question of fact is erroneous, although the charge may be so framed as merely to assume the existence of such fact. We think the charge in question is susceptible of that construction, and therefore hold that the court erred in giving it. We suggest that upon another trial the questions of the defendant's negligence and of injury resulting therefrom be submitted as two separate issues.

[2] Objection is also urged against the other special issue as submitted, the contention being that the contract of shipment was from Lovelady, Tex., to Coleman, Tex., and that the charge referred to should not have treated Brownwood as the destination of the shipment. The undisputed testimony shows that, while the shipment was en route, the contract was, by agreement, so changed as to make Brownwood the ultimate destination, and the cattle shipped were delivered to the plaintiff at Brownwood, Tex. Hence we hold that the court committed no error in treating Brownwood as the destination of the shipment in the charge given to the jury.

[3] A number of objections are urged against the action of the court in submitting certain testimony, but the objections referred to where not made at the time the testimony was introduced. It is true that when the testimony was offered appellant objected to it, but upon a different ground from those urged in this court, and for that reason the assignments referred to are overruled.

Appellant also presents the same question that was decided by this court last week in John Barton Payne, Agent, v. Hazel West, 250 S. W. ——. Counsel for appellee make the contention that this case should not be controlled by the doctrine applied in that and similar cases, because of the fact that appellee testified that he signed the contract in blank, and did not authorize the agent to place any stipulations therein in relation to the value of the property, and did not know that such stipulations were contained therein until after the contract was delivered to him.

[4] In the absence of additional testimony, which may be produced upon another trial, it seems to us that the contract was binding upon appellee. It is true that his testimony indicates that he did not read it until some time after it was delivered to him; but it does not show that he did not have time to read it and decline to accept it before the shipment left, and he pleaded that contract in his trial amendment, as fixing the rights of the parties in some other respects. If the contract was submitted to him without certain blanks being filled out, and he voluntarily signed it, expecting the agent to fill out the blanks, and thereafter accepted it with-

out protest, and sought to avail himself of the benefit of some of its terms upon the trial of the case, we think he is bound by the entire instrument.

[5] If there were no other error in the case, the judgment should be reformed and affirmed; but we hold that the trial court committed reversible error when it refused the following special charge, asked by appellant:

"You are instructed, as part of the law of this case by which you will be governed, just as much as by the law given in the court's main charge, as follows, to wit: 'The defendant cannot be held liable to plaintiff for any damages, if any suffered by the shipment in controversy, that necessarily resulted, in course of transportation, between the point of shipment and the point of destination from ordinary handling by the carrier, such as ordinary switching and confinement in the car.' "

We hold that the charge quoted states a correct proposition of law, though it would have been better framed if it had also told the jury to bear that rule of law in mind in passing upon the second issue submitted to them. However, if the charge as framed had been given, we think the jury would have understand it as bearing upon that issue.

Appellant's brief does not make it appear that it was necessarily prevented by quarantine regulations from unloading, feeding, and watering the cattle oftener than was done; but upon another trial, if the testimony shows that such was the case, we think the court should charge upon that subject. And we make a similar ruling concerning appellant's contention as to the 36-hour law.

We also hold that it would have been proper, as supplying an omission in the court's charge, to have given one of appellant's requested instructions limiting the plaintiff's case to the injuries alleged in his petition; but, as there was no testimony tending to show any other injuries, we do not think any harm resulted from the court's charge on that subject, and the failure to give any of appellant's requested instructions specifically announcing the correct rule of law upon that subject.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.