## TEXAS & P. RY. CO. v. BRYAN et al.
### (No. 760.)

Court of Civil Appeals of Texas. Waco.
March 7, 1929.

Rehearing Denied April 11, 1929.

Taylor, Atkinson & Farmer, of Waco, for appellant.

Sam Dardnne and Bryan & Maxwell, all of Waco, for appellees.

GALLAGHER, C. J. This suit was instituted by appellees, Alva Bryan and W. P.

Bryan, composing the firm of Bryan Bros., against the Texas & Pacific Railway Company, Gulf, Colorado & Santa Fé Railway Company, and Houston & Texas Central Railroad Company, alleged to be connecting carriers, to recover damages to certain cattle shipped over the lines of said carriers from Toyah, Tex., to Lake Victor in Burnett county, Tex. The damages sued for were claimed as compensation for injuries alleged to have been inflicted on said cattle by said carriers by negligent delay and rough handling in the course of their transportation. The case was tried before a jury. The court instructed a verdict in favor of the Gulf, Colorado & Santa Fé Railway Company and the Houston & Texas Central Railroad Company, and submitted the case between appellees and the Texas & Pacific Railway Company, appellant herein, on special issues. Upon the verdict returned in response thereto the court rendered judgment against appellant in favor of appellees for the sum of $5,500.

### Opinion.

Appellant, by its first group of propositions, complains of the action of the court in revising and changing the form of his charge after it was read to the jury and in delivering such revised and changed charge to the jury for consideration in their retirement, instead of the original charge or charges so read to them. Appellant's bill of exceptions shows that the court prepared his charge and submitted the same to counsel for inspection; that appellant prepared, presented, and filed certain objections thereto, which were overruled; that appellant thereupon presented a special requested charge and certain special requested issues; that the court gave said special charge and submitted its special requested issues A, B, C, D, and E to the jury for determination; that the general charge of the court, said special requested charge, and said special requested issues were then read to the jury, as provided by law; that the facts of the case were then argued to the jury under and in accordance with the charges so given and the issues so submitted. Said bill further shows that said original charge of the court was, without the knowledge or consent of counsel for either party, taken apart and partially rewritten; that in revising the same appellant's said special charge and special requested issues were adopted by the court as his own and incorporated in such revised charge. Said bill further shows that the original charge consisted of certain definitions, certain instructions concerning the consideration of particular evidence, and certain special issues numbered from 1 to 8, inclusive; that said revised charge consisted of the same definitions and instructions, and appellant's special charge in addition thereto and special issues numbered from 1 to 13, inclusive; that issues Nos. 8 to 12, inclusive, were the same,

excluding formal portions, as appellant's requested issues A to E, inclusive; that issue No. 13 in said revised charge was the same as issue No. 8 in the original charge. Except as to the omission of formal parts of appellant's requested charge and requested issues, only three changes were made in the text: (1) The instructions given the jury with reference to the consideration of the evidence were by their terms made applicable in the original charge to special issue No. 8, and in the revised charge to special issues No. 13, which latter issue was a literal copy of special issue No. 8 in the original charge. (2) Special issue No. 4 read in the original charge as follows: "Were such injuries *probably* caused by the negligence, if any, of the defendant Texas & Pacific Railway, as that term has been herein defined to you?" And in the revised charge the word "proximately" was substituted for the word "probably" in the original. (3) Appellant's special charge was incorporated in the revised charge immediately after special issue No. 13 thereof, to which it was intended to relate. Said charge by its terms, however, instructed the jury concerning the matters which might be properly taken into consideration by them in answering special issue No. 8, and such number, evidently by oversight, remained unchanged. Said special issues and said special charge as contained in the revised charge of the court are here set out in full as follows:

"Special Issue No. 8: Were the injuries and damage to the cattle in question the result of an unavoidable accident? Answer 'Yes' or 'No.' * * *

"Special Issue No. 13: What amount of money, if paid now, will compensate the plaintiffs for the injuries, if any, which you may find to have been proximately caused by the negligence, if any, of the defendant Texas & Pacific Railway Company to the cows and bulls referred to in the plaintiffs' petition, and which were included in the shipment involved in this controversy? Answer in dollars and cents.

"You are instructed that in answering special issue No. 8 you will not take into consideration any injury or damage to said cattle, if any, not shown by the evidence to have occurred on the line of the Texas & Pacific Railway Company."

The next succeeding paragraph of said revised charge begins as follows: "In answering the last preceding issue, you will take into consideration," etc.

Appellant contends that the course pursued by the court violated the provisions of articles 2185 to 2187, inclusive, and article 2193 of the Revised Statutes 1925, and deprive it of substantial rights. Said articles, so far as material to said contentions, provide, in substance, that the charge of the court shall be prepared and presented to counsel for inspection and a reasonable time allowed for

examination and presentation of objections thereto, and that all objections not presented shall be considered waived; that the parties may prepare and request further charges and issues; that the charge of the court and all special charges given shall before the argument is begun be read to the jury in the precise words in which they are written, and that no communication shall be made to them until a verdict has been rendered. The articles of the statute so relied on by appellant have been held mandatory. Hickman v. Talley (Tex. Civ. App.) 8 S.W.(2d) 267, 270, par. 3; I. & G. N. Ry. Co. v. Parke (Tex. Civ. App.) 169 S. W. 397, 398, par. 2. Any violation of the provisions thereof constitute ground for reversal, unless it reasonably appears from the record as a whole that appellant was not injured thereby. M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 350, 43 S. W. 508; Lancaster v. Fitch, 112 Tex. 293, 296–299, 246 S. W. 1015, 1016–1017, par. 1; Golden v. Odiorne, 112 Tex. 544, 547–549, 249 S. W. 822, 823–824, pars. 1–3; Wichita Valley Ry. Co. v. Williams, 116 Tex. 253, 266, 267, 288 S. W. 425, 429, 430, pars. 4–8; Eastern Texas Electric Ry. Co. v. Baker (Tex. Com. App.) 254 S. W. 933, 935; Lamar v. Panhandle & Santa Fé Ry. Co. (Tex. Com. App.) 248 S. W. 34, 39, pars. 9 and 10; G., H. & S. A. Ry. Co. v. Stewart & Threadgill (Tex. Com. App.) 257 S. W. 526, 529, 530, pars. 2 and 3. The legislative purpose in requiring the charge of the court to be prepared and presented to counsel for inspection was evidently to afford them an opportunity to aid the court in making an accurate submission of the issues in the case under appropriate instructions as to the law, by calling the court's attention to any errors therein and by supplementing the same with additional requested instructions or issues if such be deemed necessary or proper. The purpose in requiring objections to the charge to be made at the time under penalty of an implied waiver of errors therein was evidently to require counsel to render such aid to the best of their skill and ability. The purpose in requiring the charge and special charges given, if any, to be read to the jury before the beginning of the argument, was evidently to enable counsel for the respective parties to discuss the facts in evidence in the light of such charge or charges, and to thereby make their argument more lucid and effective. The revision of the court's charge as hereinbefore recited so as to include appellant's special charge and special issues therein must necessarily have tended to confuse the jury in their consideration of the facts of the case in connection with the argument of counsel thereon and in their application of the charge to such facts. Apparently from inadvertence, a material change in the charge resulted from the revision complained of. There was evidence before the jury of considerable rough handling of the shipment of cattle on appellant's line. There was also evidence tending to show some rough handling on the line of the Santa Fé. The court, for reasons not disclosed by the record and not presented for review, instructed a verdict in favor of the Santa Fé. The court, in furtherance of his purpose to restrict appellee's damages to injury inflicted on said cattle in the course of their transportation over appellant's own line, gave its requested charge, expressly instructing the jury in answering the issue which called for the fixing of the amount of appellees' damage to consider only such injury or damage as was shown by the evidence to have occurred on appellant's line. In incorporating this requested charge in the revised charge, it was, by reason of the renumbering of the issues submitted, made to expressly apply to the issue of unavoidable accident, to which issue it, on account of the language used therein, was apparently applicable. Such application was emphasized by the fact that the next preceding paragraph of said revised charge referred expressly to said issue which called for the fixing of the amount of appellees' damage. The evidence of rough handling of said shipment of cattle on the Santa Fé was effectually eliminated in the charge as read to the jury, and appellant's counsel had no occasion to discuss the same in their argument to the jury. They had a right to discuss such evidence if it remained before the jury for consideration. The charge delivered to the jury for their guidance in determining the issues submitted to them was in a material respect a different charge from the one read to them by the court and discussed by counsel in argument. The court in his original charge to the jury eliminated any issue of liability on the part of appellant for all injury or damage to said cattle except such as was shown by the evidence to have occurred on its own line. Appellant had a right to have the jury consider the case in their retirement under the charge actually given and read to them by the court. To permit a material change in the charge of the court after it had been read to the jury and after the case had been presented to them by argument, without the knowledge or consent of the parties or their counsel and without opportunity to object thereto, even though such change be accidental, would be a dangerous precedent and subversive of the plain intent and purpose of said articles of the statutes. The error of the court here complained of requires a reversal of the judgment.

■ Appellees introduced evidence that four head of said cattle were found dead in the cars at the time they were unloaded, that several died shortly thereafter, and that some died at later dates. They also introduced evidence tending to show that many head of said cattle were bruised, skinned, battered, and otherwise injured at the time they were unloaded from the cars. There was evidence that the occasional death of an animal was

not unusual in such shipments and that some injuries of the kind shown in this case were usual incidents of such shipments. There was also evidence tending to show that said cattle had been on scant pasturage for some time prior to their shipment and that some of the cows were very thin and weak at that time. The court instructed the jury in part as follows: "In considering special issue No. 13 hereinafter submitted to you relative to the market value of the cattle involved herein, you will not take into consideration any evidence as to the death of any of the cattle involved in the shipment in question subsequent to their delivery at Lake Victor excepting only those whose death you find from the evidence was proximately caused by injuries, if any, received by them while being shipped to their destination."

Appellant contends that said charge was on the weight of the evidence, and that it did not properly limit the consideration of such evidence to deaths resulting from negligent rough handling of said cattle by it in the course of transportation. The charge under consideration assumed that the death of some of the cattle was proximately caused by injuries received in the course of shipment and that such injuries resulted from the negligent handling of said cattle by appellant. We cannot say that the evidence showed as a matter of law that the death of any of the cattle was proximately caused by the negligence of appellant and such assumption was therefore error. S. A. & A. P. Ry. Co. v. Shankle & Lane (Tex. Civ. App.) 183 S. W. 115, 117, pars. 4, 5; Fort Worth & D. C. Ry. Co. v. Lynch (Tex. Civ. App.) 136 S. W. 580, 581, 582, pars. 1 and 2; Pullman Co. v. Moise (Tex. Civ. App.) 187 S. W. 249, 251, par. 2, and authorities there cited; Chicago, R. I. & G. Ry. Co. v. De Bord, 62 Tex. Civ. App. 302, 132 S. W. 845, 846, and authorities there cited; M., K. & T. Ry. Co. of Texas v. Smith (Tex. Civ. App.) 133 S. W. 482, 483; Northern Texas Traction Co. v. Peterman (Tex. Civ. App.) 80 S. W. 535, 537; Austin Gaslight Co. v. Anderson (Tex. Civ. App.) 262 S. W. 136, 137, 138; M., K. & T. Ry. Co. v. Jordan (Tex. Civ. App.) 2 S.W.(2d) 312, 316, par 8; Hines v. Thornton (Tex. Civ. App.) 251 S. W. 523, 524.

Appellees alleged that injuries inflicted on the cows embraced in said shipment caused them to fail to breed and produce calves during the ensuing calving season. There was evidence tending to support said allegation. The court instructed the jury on this issue as follows: "As to the evidence before you relative to the failure or nonfailure of the cows in question to breed and produce calves for the calving season of 1928, you will only consider such evidence in determining whether or not such condition, if any, was brought about from the condition of said cows which condition was proximately caused and produced by the manner in which said shipment was handled in said shipment, in determining the market value of said cattle at the time they were delivered at Lake Victor in April, 1928."

Appellant contends that said charge was on the weight of the evidence, and assumed that if such failure was caused by the condition of said cows at the time of their delivery at Lake Victor, that such condition was caused by negligent rough handling by it in the transportation of said shipment. Said charge, if given on another trial, should be so worded as to avoid any such assumption.

■ The court, over the objection of appellant, submitted the issue of negligence in general terms. Appellees alleged, as specific grounds of negligence, unusual and unnecessary delays in the transportation of said shipment, and rough handling of the same by appellant and its connecting carriers. Each specific ground of negligence properly pleaded and supported by evidence should be submitted separately. Fox v. Dallas Hotel Co., 111 Tex. 461, 475, 240 S. W. 517; Kansas City, M. & O. Ry. Co. v. Perry (Tex. Com. App.) 6 S.W.(2d) 111, 114, pars. 7 and 8; Darden v. Denison (Tex. Civ. App.) 3 S.W.(2d) 137, 138, pars. 1 and 2.

Appellant complains of the refusal of certain requested charges presenting issues of contributory negligence. Since the judgment is to be reversed, it is not necessary to discuss its contentions in detail. The rules governing the liability of carriers under similar circumstances were discussed by the Commission of Appeals in the case of Hartford Fire Ins. Co. v. Galveston, H. & S. A. Ry. Co., 239 S. W. 919, 924–926, pars. 8 to 15, inclusive. The judgment in that case being one of reversal, the Supreme Court in adopting and rendering the same on the recommendation of the Commission of Appeals expressly approved its holding on the questions discussed in its opinion.

■ Appellant alleged that appellees, in handling said cattle after they were unloaded from the cars at Lake Victor, failed to exercise ordinary care to minimize the damages resulting from the injuries inflicted upon them in the course of transportation; that such failure constituted contributory negligence; and that such negligence was the proximate cause of the death of some of them. There was evidence tending to support the issue so raised. While it is the duty of every one who has been injured in his person or property as the result of the negligence of another, to exercise ordinary care to minimize the resulting damage, failure to do so does not constitute contributory negligence, nor defeat a recovery for the original injury. The enhanced damage resulting from such failure cannot, however, be considered in determining the amount of such recovery. 45 C. J. p. 983, § 537; 17 C. J. pp. 767 et seq., § 96, and Texas cases cited in note 24.

The judgment of the trial court is reversed and the cause remanded.