**TEXAS EMPLOYERS' INS. ASS'N v. COULTER.**

No. 2053.

Court of Civil Appeals of Texas. Beaumont. Feb. 12, 1930.

Rehearing Withdrawn by Appellant Feb. 20, 1931.

A. Ludlow Calhoun and D. C. Marcus, both of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

WALKER, J.

This was an action under the Workmen's Compensation Act by appellee against appellant for the compensation provided by law for the total loss of the eye (Rev. St. 1925, art. 8306, § 12). His pleadings were sufficient to state a cause of action upon this issue compensable under the law. The defense was, to quote from appellant's summary of its answer, that "any loss of vision of plaintiff's left eye was due solely to causes in no way related to his employment and in no way related to any of the matters set forth in his petition."

Quoting further from appellant's brief: "It was undisputed that the plaintiff sustained total loss of vision in his left eye, the question being as to when, in what manner and what caused such loss of vision."

The following issues were submitted to the jury, answered as indicated:

"Special Issue No. 1. Do you find from a preponderance of the evidence that Edward Coulter received an injury to his left eye, in the course of his employment?" Answer: "Yes."

"Special Issue No. 2. Do you find from a preponderance of the evidence that such injury sustained by Edward Coulter, if any, is the sole cause of loss of vision in his left eye?" Answer: "Yes."

"Special Issue No. 3. Do you find from a preponderance of the evidence that Edward Coulter had a gonorrheal infection in his left eye?" Answer: "No."

"Special Issue No. 4. Do you find from a preponderance of the evidence that the gonorrheal infection, if any, was the sole cause of loss of vision of the plaintiff's Edward Coulter's eye?" To which the jury made no answer.

"Special Issue No. 5. Do you find from a preponderance of the evidence that the loss of vision in Edward Coulter's left eye is due to a combined effect of gonorrheal infection, if any, and the injury, if any?" Answer: "No."

"Special Issue No. 6. Do you find that any loss of vision in plaintiff Edward Coulter's left eye is contributed to by gonorrheal infection?" Answer: "No."

## Opinion.

■ While the form of question No. 1 may be duplicitous, as appellant urges in its first proposition, it was not so under the facts of this case. On the undisputed evidence, if appellee received an injury to his eye, it was "in the course of his employment." The only question then submitted to the jury was whether or not appellee "received an injury to his eye." That issue was strongly controverted and found against appellant. Texas Employers' Ins. Ass'n v. Drummond (Tex. Civ. App.) 267 S. W. 335; Wichita Falls, R. & Ft. W. R. Co. v. Embelin (Tex. Civ. App.) 274 S. W. 991.

■■ The lower court refused to submit the following issues requested by appellant: "Do you find that the plaintiff, Edward Coulter, had a partial loss of vision in his left eye before the date of his alleged accident on September 3rd, 1929? Answer 'Yes or No.' If you have answered the foregoing special issue 'yes' then answer this: What per cent. of loss of vision in said eye existed before said 3rd day of September, 1929? Answer by stating percentage."

This ruling was not error. While there was evidence that appellee lost his eye as the result of a gonorrheal infection, appellee denied that he ever had gonorrhea or that his eye was ever infected by that disease. Appellant's testimony was to the effect that appellee was not injured at the time and in the manner claimed by him. Appellee and one of his witnesses testified to the facts of the injury and the time and place of the injury, as pleaded by him. The issue made by appellant was that the gonorrheal infection was the sole cause of the loss of the eye. The issue made by appellee was that the alleged injury was the sole cause of the loss of the eye. Appellant has advanced no proposition that the court erred in refusing to submit its issue of sole cause. There was no evidence that appellee had a partial loss of the "vision in his left eye" prior to the date of the alleged injury; that is to say, even if appellee had

a gonorrheal infection prior to the alleged injury, there was no issue that, prior to that date, the infection had impaired the vision, and therefore there was no error in refusing to submit the first part of the question, as above copied. But if by any construction of the evidence it could be said that the issue of partial loss was raised, there was no evidence, not even a suggestion of evidence, upon which the jury could have found a "percentage of loss of vision in said eye" existing before the date of the injury. Without the finding on the "percentage" issue, the finding on "partial loss" would have been merely evidentiary and hence immaterial.

The third, fourth, and fifth propositions are that the answer of the jury to question No. 1 was so against the great weight and preponderance of the evidence "as to be clearly erroneous." We have carefully reviewed the statement of facts. and have concluded that issue No. 1 was raised, and that the answer of the jury has support.

The judgment of the lower court is in all things affirmed.