## TUCKER v. NEWTH.

### No. 5359.

Court of Civil Appeals of Texas. Amarillo.

Nov. 24, 1941.

Rehearing Denied Jan. 19, 1942.

Darden & Burleson, of Waco, for appellant.

Storey & Donaghey, of Vernon, for appellee.

JACKSON, Chief Justice.

On October 16, 1940 and for some time prior thereto L. O. Tucker was engaged in operating trucks and trailers over the public highways of Texas and Oklahoma for

the transportation of property for the public for hire.

On the date above mentioned he contracted with F. A. Newth, Jr., to transport certain described and itemized articles of property by truck from Vernon, Texas, to Granfield, Oklahoma, for a consideration of $15. The property was delivered in good condition and loaded on the truck and trailer by the employees of Mr. Newth and Mr. Tucker on the night of October 16, 1940 and accepted by Mr. Tucker, who agreed to convey it by truck from Vernon to Granfield. One Mr. Ferguson, who was the driver of the truck for Mr. Tucker, promptly after the loading left Vernon, Texas, with the truck, trailer and the goods for Granfield, Oklahoma. Two young men, one of whom was then, and the other had been employed by Newth, left on the truck with Ferguson and the freight. On the way from Vernon to Granfield the property of Mr. Newth together with the truck and trailer were entirely destroyed by fire the cause of which has not been ascertained.

On November 20, 1940 F. A. Newth, Jr., plaintiff, instituted this suit in the District Court of Wilbarger County against L. O. Tucker, defendant, to recover the market value of the property which he alleged to be $3,300.55. He pleaded that he delivered the property in good condition at Vernon, Texas, for transportation for compensation to Granfield, Oklahoma, by the defendant who negligently failed and refused to transport and deliver such goods at its destination; that the negligence of the defendant, the nature of which was unknown to plaintiff, resulted in plaintiff's loss and was a proximate cause of his damages.

The defendant answered by general demurrer, special exceptions, general denial and pleaded that he furnished the truck and driver for the transportation of the property; that it was loaded onto his truck by the agents of plaintiff who accompanied the truck load of freight and who were guilty of negligence that caused the truck and trailer and freight to be destroyed by fire. He alleged specifically that some of the goods were inflammable of which he was ignorant; that the inflammable goods were improperly loaded and that the agents of the plaintiff who were riding on the truck caused the ignition of such inflammable substance by striking matches to light cigarettes or cigars in proximity to the inflammable material loaded on the truck, which was negligence. By way of cross-action the defendant sought to recover damages in the sum of $2,130 for the value of his truck and trailer.

On special issues submitted by the court the jury found that the defendant's driver was guilty of negligence which was a proximate cause of the destruction of plaintiff's property by fire; that the reasonable cash market value of the goods so destroyed on October 16, 1940 was the sum of $1,269; that the destruction of the property by fire was not an unavoidable accident. On these findings the court rendered judgment that the plaintiff have and recover of and from the defendant the sum of $1,254 with interest from February 7, 1941 until paid at the rate of 6% per annum and costs, from which judgment this appeal is prosecuted.

The appellant assigns as error the action of the court in overruling his demurrer to appellee's allegations of negligence because such are too general, are conclusions, are vague, indefinite and speculative and because no specific acts of negligence are pleaded by appellee and appellant is not apprised thereby of the negligence relied on or the proof to be offered in support thereof.

The appellant also complains in a proper assignment of the refusal of the court to direct a verdict in his behalf because the evidence was insufficient under the pleadings to support the findings of the jury. These two assignments will be considered together.

The law is apparently settled that in a suit against a carrier for damages when a shipper has properly prepared the freight for shipment and delivered it to the carrier who has accepted it for transportation it is the duty of the carrier to safely transport the goods so accepted to the point of destination and deliver to the shipper or his assignee. Where he fails to so deliver the property the burden is upon him to show that the loss was not due to his negligence. Texas & N. O. R. Co. v. Dingfelder & Balish, Inc., Tex.Civ.App., 114 S.W.2d 666; Panhandle & S. F. R. Co. v. Andrews, Tex.Civ.App., 278 S.W. 478; Texarkana & Ft. S. R. Co. v. Brass, Tex.Com.App., 260 S.W. 828.

The appellant assails as erroneous Special Issue No. 1 submitted by the court

*1012*

because it assumed, he says, that the defendant was guilty of negligence and was upon the weight of the testimony.

Special Issue No. 1 of which complaint is made reads as follows:

"Do you find from a preponderance of the evidence that the destruction by fire of the property of the plaintiff described in his First Amended Petition was caused by the negligence of defendant's driver while said property was in transit?"

"Answer: Yes."

In Hines, Director General, et al. v. Thornton, Tex.Civ.App., 251 S.W. 523, 524, the trial court submitted a special issue in this language: "Were the cattle in question injured by the negligence of the railway companies?" To this charge the objection that the court assumed negligence urged by the defendants was sustained. In our opinion this charge is subject to the assignment which asserted that the court assumed the negligence of the defendant and also upon the weight of the testimony. This conclusion is supported by the law announced in the following cases: Texas Power & Light Co. v. Culwell, Tex.Com. App., 34 S.W.2d 820; Texas & P. Ry. Co. v. Bryan et al., Tex.Civ.App., 15 S.W.2d 1098; Cannaday et al. v. Martin et al., Tex. Civ.App., 69 S.W.2d 434, and authorities therein cited. This error was greatly augmented by the argument of appellee's attorney.

■ The appellant assigns as error the action of the court in not sustaining his objections and exceptions to the argument of appellee's counsel to the effect that the court would not have submitted to the jury for its ascertainment the question of appellant's negligence had there been no testimony to support such issue.

The record discloses that Mr. Donaghey for appellee in his closing argument addressed the jury as follows: "Gentlemen of the Jury: We don't have to establish even a single item of negligence, not one. Now then, he said there was no testimony here, Mr. Burleson said there was no testimony at all that there was no negligence, you couldn't possibly find that there was. Now let's see about that, gentlemen of the jury; the Court asked you that question, didn't he? The Judge wrote an issue and

asked you that question. The Judge would not have submitted that issue to you unless there had been evidence of negligence."

After the attorney had objected and the court refused to sustain his objection Mr. Donaghey continued: "I say, the Court would not have submitted that if there had not been evidence of it because there would not have been anything for the jury to decide; the Court himself would have decided it, so it must have been a question for you to decide or he would not have submitted it to you."

The court modifies the bill of exception allowed with the statement that appellant's counsel had asserted in his argument that there was no testimony to show the negligence of his client.

■ Under the holdings of the courts it is reversible error for an attorney in his argument to state to the jury that the court was of the opinion that the evidence was sufficient to authorize a jury to determine a fact issue submitted or such issue would not have been submitted by the court. Gulf, T. & W. R. Co. v. Culver, Tex.Civ.App., 168 S.W. 514; St. Louis, B. & M. R. Co. et al. v. Green, Tex.Civ.App., 183 S.W. 829; Gamer et al. v. Winchester, Tex.Civ.App., 110 S.W. 1190, 1191; Morgan et al. v. Maunders et ux., Tex.Civ. App., 37 S.W.2d 791.

The appellant presents other assignments complaining of the argument of counsel for appellee similar to that above quoted but what we have said we think sufficient to dispose of such assignments.

The appellant also complains of the court's refusal to submit to the jury at his request the damages he set up in his cross-action on account of the negligence of the plaintiff in loading inflammable material with his goods without the knowledge of defendant and which was ignited by an employee of appellee by striking matches and smoking while riding on the truck and trailer. In our opinion the pleading and the testimony of appellee was sufficient to require the submission of such issues.

What we have said we think sufficient to dispose of other errors assigned that might probably occur on another trial.

For the errors discussed the judgment is reversed and the cause remanded.